1  Robert S. Besser (SBN 46541)
   LAW OFFICES OF ROBERT S. BESSER
2  1221 Second Street, Suite 300
   Santa Monica, California 90401
3  TEL: (310) 394-6611
   Fax: (310) 394-6613
4
   Attorneys for Plaintiffs
5  CAN'T STOP PRODUCTIONS AND
   SCORPIO MUSIC (BLACK SCORPIO) S.A.
6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S. A. and CAN'T STOP PRODUCTIONS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR WILLIS <br><br> Defendant. | Case No. **'11CV1557 BTM RBB** <br><br> COMPLAINT FOR DECLARATORY RELIEF |

By this action, Plaintiffs Scorpio Music, S.A. and Can't Stop Productions, Inc., seek a declaration of this Court that Defendant Victor Willis' attempt to exercise rights of recapture pursuant to Section 203(a) of the United States Copyright Act (17 U. S. C. § 203(a)) is void and of no force or effect and in support thereof allege as follows:

The Parties

1. Plaintiff Scorpio Music (Black Scorpio), S.A. ("Scorpio Music") is a corporation duly organized and existing under the laws of the nation of France and having as its principal place of business at 92, Avenue Kleber, 75116 Paris, France. At all relevant

-1-

COMPLAINT FOR DECLARATORY RELIEF

1 | times Scorpio Music was, and continues to be a company engaged in the business of
2 | publishing and otherwise commercially exploiting musical compositions.
3 |     2.    Plaintiff Can't Stop Productions, Inc. ("Can't Stop") is a corporation duly
4 | organized and existing under the laws of the State of New York and having its principal
5 | place of business at 1995 Broadway, 16th Floor, New York, New York 10023. At all
6 | relevant times Can't Stop, through its division, Can't Stop Music, was and continues to
7 | be a company engaged in the business of publishing and otherwise commercially
8 | exploiting musical compositions.
9 |     3.    Defendant Victor Willis, upon information and belief, is a citizen of the
10 | State of California residing at 9115 Judicial Drive, No. 4521, San Diego, California
11 | 92122
12 |     4.    Plaintiff Can't Stop, at all relevant times was and continues to be the
13 | exclusive sub-publisher and administrator in the United States of musical compositions
14 | published and owned by Scorpio Music. In that capacity Can't Stop represents
15 | Scorpio Music in the commercial exploitation of Scorpio Music's musical compositions,
16 | including enforcing Scorpio Music's rights in those compositions.

## Jurisdiction and Venue

20 |     5.    The jurisdiction of this Court is based upon 28 U.S.C. Sections 1331 and
21 | 1338(a) in that the controversy arises under an Act of Congress relating to copyright;
22 | to wit, the copyright laws of the United States (17 U.S.C. Section 101 *et seq.*). This
23 | action, to the extent that it seeks declaratory relief, is also brought under 28 U.S.C.
24 | Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

COMPLAINT FOR DECLARATORY RELIEF

6. Venue is proper under 28 U.S.C. Section 1391(b) in that defendant Willis resides in the City of San Diego, State of California.

## The Facts

7. Between 1977 and 1979 defendant Willis entered into a series of agreements with Can't Stop which were denoted as "Adaptation Agreements" (the "Agreements")

8. Pursuant to the terms of the Agreements Can't Stop, acting on behalf of Scorpio Music, hired defendant to translate the lyrics of and/or create new lyrics for certain musical compositions which were owned and published in France by Scorpio Music.

9. Can't Stop instructed defendant Willis concerning what English lyrics it desired him to provide, and supervised defendant Willis' work in this regard by, among other things, providing him with, and paying for, the facilities in which he rendered his services.

10. Defendant Willis, in accordance with the terms of the Agreements, wrote and/or translated some, but not all of the English lyrics of these compositions.

11. Can't Stop thereupon assigned to Scorpio Music its rights in the lyrics provided by defendant Willis, and filed, on behalf of Scorpio Music, copyright registrations in the United States Library of Congress, Copyright Office, for the songs containing these lyrics.

12. The registrations credited defendant Willis as being one of several writers on each of the compositions.

13. Defendant Willis has received for more than thirty years, as compensation for his services and in accordance with the terms of the Agreements, a percentage of Can't Stop's receipts from the commercial exploitation of these compositions, which percentages range from 12% to 20% depending upon the composition.

-3-

COMPLAINT FOR DECLARATORY RELIEF

### Defendant Willis Wrongly Seeks to Terminate Copyright Ownership

14. In January 2011 defendant Willis served upon Can't Stop a "Notice of Termination of Post 1977 Grants of Copyright on Certain Works of Victor Willis" (the "Notice"). A true and exact copy of the Notice is attached hereto as Exhibit "A" and incorporated herein by this reference.

15. The Notice purports to terminate the rights of, among others, Scorpio Music and its agent, Can't Stop, in certain of the compositions (the "Compositions") which are enumerated in Schedule A of the Notice.

16. The Notice incorrectly states that Defendant Willis is "the author of the Works and the sole grantor of the rights under the Agreements," and wrongfully suggests that the entire copyright in all the Compositions should be reassigned to him at the expiration of the thirty- five year period set forth in the Copyright Law for songs in which the grant of a transfer of copyright was allegedly executed by defendant Willis on or after January 1, 1978.

### Defendant Willis Refuses to Withdraw Notice Despite Can't Stop's Response Setting Forth the Errors in His Position

17. Can't Stop responded to the Notice by writing to Defendant Willis' attorney explaining that Defendant Willis had no legitimate right to seek the termination of Scorpio Music's copyright ownership, and demanding that the Notice be withdrawn.

18. Defendant Willis, through his attorney, has refused to withdraw the Notice.

19. That refusal is contrary to the facts and the governing law.

COMPLAINT FOR DECLARATORY RELIEF

### Defendant Willis Cannot Terminate Copyright Assignment in Joint Work

20. The Compositions, in their English language versions, are joint works written by more than one person.

21. In accordance with the Copyright Law joint works are considered as a "unitary whole" with each contributor's part "merged into inseparable or interdependent parts of a unitary whole" 17 U.S.C. Section 101.

22. Each of writers of the Compositions granted their copyright interests, if any, either to Can't Stop, as the agent of Scorpio Music, or to Scorpio Music itself.

23. While defendant Willis signed the Agreements, the other writers of the Compositions signed songwriter agreements with Scorpio Music.

24. 17 U.S.C. Section 203(a)(1) provides that "[i]n the case of a grant executed by two or more authors of a joint work, termination of the grant may be effected by a majority of the authors who executed it."

25. Defendant Willis, simply because he signed documents different from the ones signed by the other authors of the same joint works, is neither the sole grantor nor only author of any of the Compositions and hence, he is not a "majority of authors." As a result, defendant Willis could not terminate the copyright assignment for any of the Compositions without at least one other writer joining with him for such Composition. Willis' attempt to do so is, therefore, void as to all of the Compositions.

### Alternatively, Can't Stop Employed Defendant Willis as a Writer for Hire and He Therefore Has No Rights in Copyrights

26. In the alternative, pursuant to the Agreements, Can't Stop employed defendant Willis and, hence, he is a writer for hire with no right in the copyrights to the Compositions for which he provided some English lyrics.

COMPLAINT FOR DECLARATORY RELIEF

27. In addition to the Agreements establishing defendant Willis' "writer for hire" status, the circumstances pursuant to which defendant Willis rendered his services confirm that he functioned as an employee of Can't Stop.

28. Can't Stop, as part of its regular business of representing Scorpio Music in the United States, supervised and controlled the manner and means by which defendant Willis worked, including its location and duration, as well as the substance and meaning of the lyrics to be provided.

29. The Compositions, with some of the English lyrics provided by defendant Willis, appeared as parts of record albums (i.e., collective works), further qualifying defendant Willis' contribution to the Compositions as being works made for hire pursuant to the provisions of 17 U.S.C. Section 101(2).

30. Section 203(a) of the U. S. Copyright Act, under which Willis purports to exercise his rights, specifically <u>excludes</u> works made for hire.

### Defendant Willis' Claim is Time-Barred

31. Defendant Willis entered into the Agreements more than thirty years ago.

32. During this period Can't Stop, pursuant to the terms of the Agreements, has paid him hundreds of thousands of dollars.

33. Equitable concepts such as laches and estoppel, as well as the relevant statute of limitations, preclude any attempt by defendant Willis to contest the validity of his status as a writer for hire.

-6-

COMPLAINT FOR DECLARATORY RELIEF

### Even If Defendant Willis Has Recapture Rights He Cannot Obtain a Greater Proportion of the Copyright in the Compositions Than His Percentage Set Forth in the Agreements

34. Upon information and belief, defendant Willis claims the right to recapture at least half (i.e., fifty percent) of the copyrights in each of the Compositions.

35. Upon information and belief, defendant Willis ignores the existence of other people listed as writers of the Compositions to claim that he, alone, wrote all of their lyrics.

36. Although, as noted above, defendant Willis has no right to any portion of the copyrights, and the statute of limitations and equitable doctrines preclude him from disputing authorship attribution, in the event it is found otherwise, defendant Willis' maximum reversionary share of the copyright should be governed by, and be equal to, the percentage of royalties set forth in the Agreements which defendant Willis received as his compensation for services rendered.

37. The percentage referred to in paragraph 36, above, ranges from 12 to 20%.

### Defendant Willis Cannot Terminate Existing Licenses and Derivative Works

38. Even if Willis is found to have the right to terminate his alleged copyright transfer relating to the Compositions, he is precluded from terminating any licenses issued, or derivative works authorized, by Plaintiffs, which existed prior to the termination of the copyright assignment.

### Claim

39. Plaintiff Can't Stop repeats and realleges each and every allegation set forth in paragraphs 1 through 39 hereof with the same force and effect as if more fully set forth herein.

-7-

COMPLAINT FOR DECLARATORY RELIEF

40. In order to resolve this controversy, plaintiff Can't Stop requests, pursuant to 28 U.S.C. Section 2201 and, Rule 57 of the Federal Rules of Civil Procedure, that this Court declare the respective rights and duties of the parties in this matter and, in particular, that the Court (a) declare that the Notice is invalid, (b) that the Notice should be voided *ab initio*, and (c) that it be held that defendant Willis cannot recover any portion of the copyrights in the Compositions.

## Declaration

41. An actual case and controversy exists sufficient for this Court to declare the rights and remedies of the parties in that there is a dispute between the parties concerning whether defendant Willis can terminate the rights of Can't Stop and Scorpio Music in the Compositions.

42. Plaintiffs Can't Stop and Scorpio Music have the requisite standing to request this declaration since they are the United States sub-publisher and worldwide publisher, respectively, of the Compositions, and Scorpio Music will lose a portion of its copyright ownership in the United States in the Compositions in the event that defendant Willis prevails.

43. This controversy is ripe for determination at this time because, according to the Copyright Law, ownership rights vested on the date the Notice was served and the termination of copyrights, absent a declaration by the Court to the contrary, will become effective beginning at the end of thirty-five years from the date of the Agreements. In the case of specific Compositions, the effective dates, depending on the particular Composition, begin in 2013.

44. The threat of the termination of a portion of the United States copyright in the Compositions casts a pall on the assets of the Compositions, diminishes their value, and complicates the ability of Can't Stop to commercially exploit them.

45. A decision on this issue is therefore needed as soon as possible.

46. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs Can't Stop Productions, Inc. and Scorpio Music (Black Scorpio) S.A. pray that this Court:

a. Render a declaratory judgment providing that defendant Victor Willis has no right, title or interest in the copyrights to the Compositions;

b. Enter an order requiring defendant Willis to withdraw the Notice of Termination and submit to the United States Copyright Office whatever written document(s) it requires to effectuate such withdrawal, with copies to Plaintiffs;

c. Enter an order enjoining defendant Victor Willis, or any of his agents, licensees, representatives or assignees, from making any claims to the copyrights in the Compositions or in any other manner encumbering or restricting Can't Stop Productions, Inc.'s and Scorpio Music (Black Scorpio) S.A's rights in the Compositions.

d. In the alternative, and in the event defendant Willis is found to have a right to terminate the rights of Can't Stop Productions, Inc. and Scorpio Music (Black Scorpio) S.A. in the Compositions, that such reversion of rights to defendant Willis (i) be limited to the same percentage ownership as he receives as compensation relating to the Compositions and as set forth in the Agreements; and (ii) that defendant Willis be enjoined from terminating any licenses issued, or derivative works authorized, by Plaintiffs, which existed prior to the termination of the copyright assignment.

e. Award plaintiff Can't Stop Productions, Inc. and Scorpio Music (Black Scorpio) S.A. their costs and disbursements incurred in this suit, together with a reasonable allowance for counsel fees as provided by Section 505 of the Copyright Act, 17 U.S.C. Section 505.

COMPLAINT FOR DECLARATORY RELIEF

f.  Grant such other and further relief as the Court may deem just and proper.

Dated: July 14, 2011

LAW OFFICES OF ROBERT S. BESSER

By _____
ROBERT S. BESSER
Attorneys for Plaintiffs, CAN'T STOP PRODUCTIONS AND SCORPIO MUSIC (BLACK SCORPIO) S.A.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.

**(b)** County of Residence of First Listed Plaintiff   Paris, France
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF ROBERT S. BESSER (310) 394-6611
1221 Second Street, Third Floor, Santa Monica, CA 90401

**DEFENDANTS**
VICTOR WILLIS

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
'11CV1557 BTM RBB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | IMMIGRATION |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Sections 101 et seq.
Brief description of cause:
Declaratory relief re attempt by Defendant to recapture copyrights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                           DOCKET NUMBER

DATE  07/14/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE