1  Robert S. Besser, State Bar No. 46541
   Christopher Chapin, State Bar No. 112608
2  LAW OFFICES OF ROBERT S. BESSER
   1221 Second Street   Suite 300
3  Santa Monica, California 90401
   TEL: (310) 394-6611
4  FAX: (310) 394-6613

5  Attorneys for Plaintiffs
   CAN'T STOP PRODUCTIONS, INC.
6  and SCORPIO MUSIC (BLACK SCORPIO) S.A.

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 SCORPIO MUSIC (BLACK SCORPIO) S.A.        Case No. 11CV1557 BTM RBB
   and CAN'T STOP PRODUCTIONS, INC.,         Honorable Barry T. Moskowitz
12
             Plaintiffs,                     PLAINTIFFS' REPLY TO MOTION OF
13 vs.                                       SONGWRITERS GUILD OF AMERICA
                                             FOR LEAVE TO FILE BRIEF
14 VICTOR WILLIS, an individual,             AMICUS CURIAE

15           Defendant.                      Date:  December 16, 2011
   _____/         Time:  11:00 a.m.
16                                           Ctrm:  15

17                                           **NO ORAL ARGUMENT REQUESTED**

-1-

PLAINTIFFS' REPLY TO MOTION OF SONGWRITERS GUILD OF AMERICA FOR LEAVE TO FILE
BRIEF AMICUS CURIAE

Plaintiffs acknowledge that this Court has broad discretion as to whether to allow the filing of an amicus brief, but submit that, despite its claim to be an expert in the area of law involved (termination of copyright under the 1976 Copyright Act), the Song Writer's Guild of America ("SGA") has failed to offer any new authority, argument or assistance to the Court.

As Judge Posner famously observed:

> "After 16 years of reading *amicus curiae* briefs the vast majority of which have not assisted the judges, I have decided that it would be good to scrutinize those motions in a more careful, fish-eyed fashion. The vast majority of *amicus* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect, merely extending the length of the litigant's brief. Such *amicus* briefs should not be allowed. They are an abuse." *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th cir. 1977).

As set forth in Plaintiffs' Reply to the Memorandum of Amicus Party Songwriters Guild of America in Support of Defendants' Motion to Dismiss, filed and served concurrently herewith, the SGA has justified Judge Posner's cautionary words.

The SGA has ignored the two basic issues involved in a proper determination of Defendants' Motion to Dismiss (the effect of the fact that each author of the joint works executed separate documents and the question of what rights Willis would recapture if he were successful in his effort) and added nothing new to the argument. Instead, the SGA has devoted most of its efforts to groundless claims that the Plaintiffs are vexatious litigants trying to take advantage of Willis' alleged limited resources.

1  In fact, Plaintiffs' Complaint is a straight forward declaratory relief action seeking
2  determination of what even the SGA admits is a case of first impression.
3  Accordingly, the SGA's Motion should be denied.
4  Dated: December 2, 2011

LAW OFFICES OF ROBERT S. BESSER

By _____
ROBERT S. BESSER
Attorneys for Plaintiffs SCORPIO MUSIC (BLACK
SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.

-3-

PLAINTIFFS' REPLY TO MOTION OF SONGWRITERS GUILD OF AMERICA FOR LEAVE TO FILE
BRIEF AMICUS CURIAE