# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.,<br><br>        Plaintiffs,<br>   v.<br>VICTOR WILLIS,<br><br>        Defendant. | Case No. 11cv1557 BTM(RBB)<br><br>**ORDER TO SHOW CAUSE WHY DEPOSITION TRANSCRIPT EXCERPTS SHOULD NOT BE FILED ON THE PUBLIC DOCKET** |
| VICTOR WILLIS,<br><br>        Counterclaimant,<br>   v.<br>SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.,<br><br>        Counterclaim-Defendants,<br>-and-<br>HENRI BELOLO,<br><br>        Additional Counterclaim-Defendant. | |

Plaintiffs have filed a motion to file under seal portions of a transcript of a deposition of Victor Willis taken in another action. Plaintiffs filed the motion because the transcript was designated "Confidential," and Plaintiffs want to make sure that they do not violate Mr. Willis's rights.

The courts in this country recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Unless a court record falls within the limited category of records "traditionally kept secret," a "strong presumption in favor of access is the starting point." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The strong presumption of access to judicial records applies fully to discovery documents attached to dispositive motions. San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

The party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating compelling reasons supported by specific factual findings. Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). As explained by the Ninth Circuit:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Nixon, 435 U.S. at 598, 98 S.Ct. 1306; accord Valley Broadcasting Co., 798 F.2d at 1294.

Kamakana, 447 F.3d at 1172. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. However, "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Kamakana, 447 F.3d at 1172.

Upon review of the deposition transcript excerpts, it is not apparent to the Court why they must be filed under seal. Therefore the Court, orders Defendant Victor Willis to show cause why the transcript excerpts should not be filed on the public docket. If Mr. Willis

believes that there are compelling reasons for filing the transcript excerpts under seal, he must specify the reasons in a response to this order to show cause.  Such response is due on or before **April 17, 2013**.  Failure to file a response will result in the public filing of the exhibits.

**IT IS SO ORDERED.**

DATED:  April 12, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court