Walter W. Noss (277580)
John T. Jasnoch (281605)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
Facsimile:  (619) 233-0508
Email:  wnoss@scott-scott.com
        jjasnoch@scott-scott.com

*Attorneys for Defendant / Counterclaim Plaintiff Victor Willis*
[Additional counsel appear in signature block]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR WILLIS<br><br>Defendant. | Case No. 3:11-CV-01557-BTM (RBB)<br><br>DEFENDANT'S TRIAL BRIEF ON THE ISSUE OF BURDEN OF PROOF<br><br>Honorable Barry T. Moskowitz<br><br>Trial Date:  February 9, 2015<br>Courtroom:  15B Annex |
| VICTOR WILLIS<br><br>Counterclaimant,<br><br>vs.<br><br>SCORPIO MUSIC (BLACK SCORPIO) S.A., CAN'T STOP PRODUCTIONS, INC. and HENRI BELOLO<br><br>Counterclaim-Defendants. | |

Defendant's Trial Brief on the Issue of
Burden of Proof
Case No. 3:11-CV-01557-BTM (RBB)

It is axiomatic that the ordinary default rule is that plaintiffs bear the burdens of pleading and proving their case and bear the risk of failing to prove their claims. This rule is based upon the prudential principle that the person who seeks court intervention should justify the request and bear the burden on all the elements of that person's claims. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005). Although, in a declaratory judgment action such as this one, the allocation of the burden of proof is more flexible than in the ordinary case, resolution of this matter must be based on broad reasons of experience and fairness. 12 MOORE'S FEDERAL PRACTICE §57.62 (citing *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1174-76 (3d Cir. 1976)). The fundamental rule in such actions is that the burden of proof rests upon the party which, as determined by the pleadings, asserts the affirmative of an issue. *Pacific Portland Cement Co. v. Food Machinery & Chemical Corp.*, 178 F.2d 541, 547 (9th Cir. 1949).

In this case, plaintiffs have invoked the jurisdiction of this Court and have sought a declaration as to Mr. Willis' ownership interest in the various compositions at issue, claiming that Mr. Belolo is also a writer, having written original French lyrics for the compositions. Defendant has merely asserted, as a counterclaim, that he has an ownership interest greater than that claimed by plaintiffs, claiming that he is the sole lyricist, that Belolo did not write the lyrics, and thus there were only two writers – Willis and Jacques Morali, the undisputed composer of the music. Because the competing claims are merely opposing contentions regarding ownership, both parties are deemed to be seeking the affirmative on the matter at issue in this case. Prior to termination of the copyright grants at issue, Willis was receiving 12%-20% royalty payments for the commercial exploitation of the 24 musical compositions at issue. After termination, Plaintiffs claim Willis is entitled to a 33.3% ownership interest in the compositions. Willis claims a 50% ownership interest. Both sides in their respective claims for declaratory relief seek an affirmative change to the status

Defendant's Trial Brief on the Issue of Burden of Proof
Case No. 3:11-CV-01557-BTM (RBB)

1

quo. Accordingly, there is no basis for reversing the ordinary default rule that plaintiffs bear the burden of proving their case.

*LaBelle v. Blake*, 714 A.2d 145 (Me. 1998) does not suggest a different ruling in this case. That case involved competing claims as to whether the defendant property owners were entitled to an easement on property belonging to the plaintiffs. The Supreme Judicial Court of Maine merely held that, since the existence of the easement first appeared in the case when it was initially pled by defendants as an affirmative defense to a claim for trespass by plaintiffs, defendants had the burden of proving the existence of the easement.

Likewise, the mere fact that copyright registration certificates carry with them a rebuttable presumption as to the validity of the facts stated in the certificates, *see* 17 U.S.C. §411, does not shift the burden of proof on Plaintiffs' claim to Willis. Rather it just provides a possible means through which Plaintiffs could attempt to meet their burden, although, as noted, the presumption is a rebuttable one, and further, does not apply to fraudulent statements contained in the certificate. At the best, the introduction of those certificates will simply place the ball in Mr. Willis' court to rebut the factual statements contained in them.

Finally, it should also be noted that Plaintiffs' statute of limitations and estoppel defenses would only apply to Defendant's Counterclaim, and not to their affirmative claim for declaratory relief as to Willis' ownership interests in the compositions. If the burden of proof is placed upon Willis as to Plaintiffs' claim, this distinction may be lost on the jury, as Plaintiffs should not be permitted to use such defenses as a sword to obtain the affirmative declaratory relief they seek, and on which they should bear the burden of proof, in this action.

In this case, both parties have raised competing claims relating to Willis' ownership percentage in the compositions. Because the competing claims are merely opposing contentions relating to the same issue, Defendant cannot be deemed to have

Defendant's Trial Brief on the Issue of Burden of Proof
Case No. 3:11-CV-01557-BTM (RBB)

2

any greater affirmative duty to come forward with evidence, and the burden of proof should remain with Plaintiffs on their claim seeking affirmative relief in the form of a declaration as to Willis' ownership interest in the compositions.

DATED:  February 6, 2015                    Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Walter W. Noss
Walter W. Noss
John T. Jasnoch
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
wnoss@scott-scott.com
jjasnoch@scott-scott.com

REITLER KAILAS & ROSENBLATT LLC
Brian D. Caplan
885 Third Avenue, 20th Floor
New York, New York 10022
*bcaplan@reitlerlaw.com*

*Attorneys for Defendant / Counterclaim Plaintiff Victor Willis*

Defendant's Trial Brief on the Issue of Burden of Proof
Case No. 3:11-CV-01557-BTM (RBB)

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2015, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

DATED: February 6, 2015.

        SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

        /s/Walter W. Noss
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
wnoss@scott-scott.com

*Attorney for Defendant / Counterclaim Plaintiff Victor Willis*