Walter W. Noss (277580)
John T. Jasnoch (281605)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: wnoss@scott-scott.com
       jjasnoch@scott-scott.com

*Attorneys for Defendant/Counterclaim Plaintiff Victor Willis*
[Additional counsel appear in signature block]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR WILLIS<br><br>Defendant.<br><br>VICTOR WILLIS<br><br>Counterclaimant,<br><br>vs.<br><br>SCORPIO MUSIC (BLACK SCORPIO) S.A., CAN'T STOP PRODUCTIONS, INC. and HENRI BELOLO<br><br>Counterclaim-Defendants. | Case No. 3:11-CV-01557-BTM (RBB)<br><br>DEFENDANT/COUNTERCLAIMANT VICTOR WILLIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR COSTS AND ATTORNEYS' FEES PURSUANT TO FRCP RULE 54(d)(2) AND APPLICATION TO BILL COSTS<br><br>Honorable Barry T. Moskowitz<br><br>Conference Date: To be set by Court<br><br>Time: To be set by Court<br><br>Courtroom: 15B Annex |

Defendant and Counterclaimant Victor Willis ("Defendant") hereby moves for an award of his costs, including attorneys' fees, incurred in the prosecution of this action. The amount of such fees and costs are set forth in the accompanying Declarations of Brian D. Caplan, Jonathan J. Ross, John T. Jasnoch, and Karen Willis.

After nearly four years of costly litigation, this action culminated in a jury verdict overwhelmingly in favor of Defendant, and the entry of a Declaratory Judgment wholly vindicating Defendant's rights under the Copyright Act of the United States to recapture his copyright interests in 33 musical compositions. Defendant further prevailed in establishing his true authorship of 13 of those compositions, including the iconic song "Y.M.C.A." [1]  Given his resounding victory, and the procedural and substantive nature of this action, Defendant is now entitled to an award of his costs and attorneys fees incurred in this action.

**Defendant Prevailed in this Action**

Defendant is certainly the "prevailing party" in this action for purposes of both Local Civil Rule 54.1, and Section 505 of the Copyright Act, 17 U.S.C. §505, which also provides for the recovery of attorneys' fees incurred in copyright actions as part of the costs awarded.

At the commencement of this action by Plaintiffs Scorpio Music (Black Scorpio) S.A. and Can't Stop Productions, Inc. ("Plaintiffs") in July 2011, Defendant did not have any copyright ownership interest in the 33 musical compositions at issue. Plaintiffs, through the commencement of this action, sought

---

[1] Given Mr. Belolo's testimony during the trial as to his complete lack of any input into either the English lyrics or music of the other 11 musical compositions at issue, Defendant is confident that he will ultimately prevail as to those songs as well on his motion for judgment notwithstanding the verdict pursuant to FRCP 50(b).

Defendant's Memorandum of Points and Authorities in Support of Motion for Costs
Case No. 3:11-CV-01557-BTM (RBB)

1

to keep Defendant's copyright ownership of those 33 songs at zero, notwithstanding Defendant's service of a Notice of Termination of his copyright grants in those 33 songs. Now, after years of contentious and costly litigation, including significant motion practice instituted by Plaintiffs, Defendant's rights under copyright law have been vindicated, and he has won a 50% copyright ownership interest in 13 of the 33 musical compositions, and a 33% copyright ownership interest in the other 20 terminated compositions.

Local Civil Rule 54.1, governing the awarding of costs in this district, states as follows:

> The determination of the prevailing party will be within the discretion of the court in all cases except where such determination is inconsistent with statute or the Fed. R. Civ. P. or the rules of the appellate courts. If each side recovers in part, ordinarily the party recovering the larger sum will be considered the prevailing party. The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a).

Local Civil Rule 54.1(f)

Just looking at the jury verdict alone (which only concerned the remaining 24 disputed works, after Defendant had already prevailed as to the nine Patrick Juvet compositions) on a purely quantitative approach, Defendant prevailed on a majority of the questions posed to the jury, winning on 13 of the 24 musical compositions and on both the affirmative defenses of statute of limitations and estoppel – making the jury verdict "score" 15 to 11 in favor of Defendant (including the most significant musical composition "YMCA" ).

Defendant's Memorandum of Points and Authorities in Support of Motion for Costs
Case No. 3:11-CV-01557-BTM (RBB)     2

As noted above, Local Civil Rule 54.1 provides that in the event each side recovers in part, "ordinarily the party recovering the larger sum will be considered the prevailing party." Thus, even if Plaintiffs are deemed to have recovered in part, Defendant is nevertheless the overwhelming prevailing party here. Of course, Plaintiffs did not really recover even "in part", as they sought to keep control of 100% of all of the 33 copyrights at issue in their initial complaint, and Defendant successfully moved to dismiss that Complaint. Defendant has then proceeded to win *every* subsequent substantive pre-trial motion filed in this action, including Plaintiffs' motion to dismiss the Counterclaim and numerous motions for summary judgment filed by Plaintiffs.

Given the jury verdict and the substantive and procedural history of this action, it is respectfully submitted that there is no doubt that Defendant is the prevailing party for purposes of Local Civil Rule 54.1.

**Defendant is Entitled to an Award of His Attorneys Fees**

With respect to attorneys' fees, §505 of the Copyright Act provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs.

Following the U.S. Supreme Court's decision in *Fogerty v. Fantasy*, 510 U.S. 517 (1994), courts must now award attorneys fees evenhandedly to both prevailing plaintiffs and defendants. The factors identified by the Court in Fogerty that a district court may consider in awarding fees, include: (1) the degree of

1 success obtained, (2) frivolousness, (3) motivation, (4) the objective
2 unreasonableness of the losing party's factual and legal arguments, and (5) the
3 need, in particular circumstances, to advance considerations of compensation and
4 deterrence. *Id.* at 534, n.19; *see also Omega S.A. v. Costco Wholesale Corp.,* Nos.
5 11-57137, 12-56342, 2015 WL 235479 (9th Cir. Jan. 20, 2015).

6      In this instance, each of these factors call for an award of attorneys' fees to
7 Defendant. First, Defendant has obtained an overwhelming victory in this action.
8 As this Court noted during argument of the proposed Judgment to be entered in
9 this action, 50% of the case dealt with the original termination and Plaintiffs'
10 original Complaint seeking a declaration that it was void. That Complaint was
11 ultimately rejected by the Court on Defendant's motion to dismiss, leading to the
12 filing of an Amended Complaint to determine the percentage of ownership
13 Defendant would recapture. As the Court further noted, 50% of the remainder of
14 the case (*i.e.*, 25% of the case) concerned Plaintiffs' claim that the Statute of
15 Limitations should bar Defendant from challenging the authorship of the
16 compositions at issue. After winning successive summary judgment motions on
17 that issue, Defendant then completely prevailed on this defense at trial (as well as
18 Plaintiffs' proffered estoppel defense). As the Court also noted, Defendant won on
19 13/24ths of the remaining 25% of the case (establishing that Henri Belolo was not
20 a joint author of 13 of the 24 disputed works). On a purely quantitative basis,
21 Defendant thus prevailed on 88.5% of the issues to be decided in this action. Of
22 course, Defendant also prevailed on the most important song in the action, winning
23 a 50% authorship and ownership interest in "Y.M.C.A." Such an overwhelming
24 degree of success in this copyright action mandates an award of attorneys' fees to
25 Defendant.

26
27
28

Defendant's Memorandum of Points and    4
Authorities in Support of Motion for Costs
Case No. 3:11-CV-01557-BTM (RBB)

1    Moreover, many of Plaintiffs' positions put forth in this action bordered on, if not crossed, the line of frivolousness, and, at the least, reflected objective unreasonableness, if not bad faith, and require an award of fees to advance considerations of compensation and deterrence.  Commencing with the initial Complaint filed in this action, Plaintiffs and Counterclaim Defendants have attempted to thwart Defendant's federally mandated rights to recapture his copyright interests in the compositions at issue.  Indeed, going back to 1978 and 1979, Plaintiffs' use of the "adaptation agreements" were clearly intended to diminish Defendant's rights under copyright law and to take advantage of Defendant's inexperience and naivete concerning the music publishing industry. Plaintiffs and Counterclaim Defendants successfully profited from their actions for 35 years, not only with Defendant, but with numerous other American songwriters that wrote songs for Plaintiffs in the 1970's and 1980's and were also required to sign those "adaption agreements."  Thus, the interests of compensation and deterrence mandate an award of attorneys' fees in this action.

Moreover, the initial complaint relied upon, in large part, a frivolous argument that Defendant, as one of three credited authors, could not terminate a copyright grant that he alone signed with Plaintiff Can't Stop Productions.  Simply ignoring the express language of the statute that states that only a, "grant executed by two or more authors" requires a majority of the author to terminate, *see* 17 U.S.C. §203(a)(1), Plaintiffs commenced this action, perhaps in the hopes that Defendant would not be able to endure a long litigation, attempting to thwart his rights to regain any copyright interests in the compositions.  Making matters worse, the initial complaint further contended, without any factual or legal basis, that Defendant was "an employee for hire" of Plaintiffs.  That unsupportable contention was then abandoned at oral argument, after Defendant was forced to

Defendant's Memorandum of Points and
Authorities in Support of Motion for Costs
Case No. 3:11-CV-01557-BTM (RBB)

5

1 respond to it but before the Court could rule on it.  Finally, the initial complaint
2 further claimed that Defendant's authorship interest should be confined to the
3 royalty percentage he was receiving from Plaintiff and/or BMI.  There was simply
4 no factual or legal basis for that argument either.  The frivolousness of that initial
5 Complaint was illustrated in the Court's Order dated May 7, 2012, dismissing it in
6 its entirety, but granting leave to file an Amended Complaint to address Henri
7 Belolo's claimed authorship of 24 of those compositions.

8       The litigation of the Amended Complaint was then made significantly more
9 costly by virtue of Plaintiffs' litigation tactics, which included numerous, ill-
10 conceived motions, and motions only meant to distract and cause financial
11 hardship to Defendant during the course of this action.  Such motions included
12 successive motions for summary judgment, a motion to dismiss the Counterclaim,
13 and a wholly inappropriate motion to deposit funds into this Court.  Defendant was
14 thus forced to respond to each of these motions, all of which were denied. A
15 perfect example of Plaintiffs' unreasonable litigation tactics is found in the motion
16 to deposit funds in this court, which was clearly meant to cause financial hardship
17 to Defendant, and further, to deprive Defendant of  funds in a transparent attempt
18 to strangle Defendant's ability to see this litigation through.

19       The underlying purposes of the Copyright Act's termination provisions to
20 provide authors with a second opportunity to obtain proper compensation for their
21 creative endeavors, further mandates an award of attorneys' fees to Defendant in
22 this action.  Notwithstanding that purpose, Plaintiffs and Counterclaim Defendants
23 have attempted at every turn to deprive Mr. Willis of his rights and copyrights
24 under the law.  Plaintiffs have forced Mr. Willis to engage in costly litigation to
25 vindicate those rights.  The Copyright Act provides for an award of attorneys' fees
26 to prevailing parties to ensure that a party's valid copyrights can be vindicated

27
28

Defendant's Memorandum of Points and Authorities in Support of Motion for Costs
Case No. 3:11-CV-01557-BTM (RBB)

6

through the courts when necessary. Such was the case here. Accordingly, it is respectfully submitted that this Court should award Mr. Willis his attorneys' fees incurred in obtaining that victory.

**CONCLUSION**

For all of the foregoing reasons, Defendant/Counterclaimant Victor Willis respectfully requests that he be awarded his costs and attorneys' fees incurred in this action in the total amount of $546,480.77, and that he be granted such other and further relief as the Court deems necessary and proper.

In addition, as prevailing party, Mr. Willis is entitled to a Bill of Costs (submitted concurrently herewith) and the Clerk of the Court should be directed to tax the costs as set forth in the application.

DATED: April 10, 2015

Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ John T. Jasnoch
John T. Jasnoch (281605)
Walter W. Noss (279580)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
jjasnoch@scott-scott.com
wnoss@scott-scott.com

REITLER KAILAS & ROSENBLATT LLC
Brian D. Caplan (admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: 212-209-3050
bcaplan@reitlerlaw.com

*Attorneys for Defendant / Counterclaim Plaintiff Victor Willis*

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

DATED: April 10, 2015.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ John T. Jasnoch
John T. Jasnoch (281605)
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565

jjasnoch@scott-scott.com
*Attorney for Defendant/Counterclaim Plaintiff Victor Willis*