Walter W. Noss (277580)
John T. Jasnoch (281605)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: wnoss@scott-scott.com
        jjasnoch@scott-scott.com

*Attorneys for Defendant/Counterclaim Plaintiff Victor Willis*
[Additional counsel appear in signature block.]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR WILLIS <br><br> Defendant. | Case No. 3:11-CV-01557-BTM (RBB) <br><br> DEFENDANT/ COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO F.R.C.P. 50(b), AND MOTION TO ALTER/AMEND JUDGMENT PURSUANT TO F.R.C.P. 59(e) |
| VICTOR WILLIS, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> SCORPIO MUSIC (BLACK SCORPIO) S.A., CAN'T STOP PRODUCTIONS, INC. and HENRI BELOLO, <br><br> Counterclaim Defendants. | Honorable Barry T. Moskowitz <br><br> Conference Date: June 10, 2015 <br><br> Time: 2:00 P.M. <br><br> Courtroom: 15B Annex |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT AND PROCEDURAL HISTORY ................................................1

STANDARD OF REVIEW ...........................................................................................................3

ARGUMENTS ..............................................................................................................................6

EVIDENCE PRESENTED TO THE TRIER OF FACT .................................................................7

POINT I  DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER  OF LAW
THAT BELOLO WAS NOT A JOINT AUTHOR  OF ANY OF THE
ELEVEN COMPOSITIONS ...........................................................................8

    1.    Belolo Made No Contribution to the 11 Compositions, Even if Belolo's
Claim to Have Written Pre-Existing French Lyrics Was Credited by the
Jury......................................................................................................................9

    2.    Belolo's Contributions, if Any, Were Not Substantial Enough to Support a
Finding of Joint Authorship ..............................................................................12

    3.    Willis Did Not Intend to Be a Joint Author With Belolo ......................................13

POINT II  THE JUDGMENT SHOULD BE AMENDED TO INCLUDE
APPROPRIATE MONETARY DAMAGES FROM THREE YEARS PRIOR
TO THE COMMENCMENT OF THE ACTION .........................................14

CONCLUSION.............................................................................................................................19

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

i

Case No. 3:11-CV-01557-BTM (RBB)

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Aalmuhammad v. Lee,*
 202 F.3d 1227 (9th Cir. 1999) ...................................................... 12, 13

*Ashton-Tate Corp. v. Ross,*
 916 F.2d 516 (9th Cir. 1990) ........................................................ 11, 12

*Balkin v. Wilson,*
 863 F. Supp. 523 (W.D. Mich. 1994) ................................................... 13

*Community for Creative Non-Violence v. Reid,*
 490 U.S. 730, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989) ................................... 9

*Edward B. Marks Music Corp. v. Charles K. Harris Publishing Co.,*
 255 F.2d 518 (2nd Cir. 1958) ....................................................... 17, 18

*Erickson v. Trinity Theater, Inc.,*
 13 F.3d 1061 (7th Cir. 1994) .......................................................... 9

*Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.,*
 155 F.3d 17 (2nd Cir. 1998) ........................................................ 17, 18

*Johnson v. Paradise Valley Unified Sch. Dist.,*
 251 F.3d 1222 (9th Cir. 2001) ......................................................... 4

*Josephs v. Pacific Bell,*
 443 F.3d 1050 (9th Cir. 2006) ......................................................... 4

*Kinserlow v. CMI Corp.,*
 217 F.3d 1021 (8th Cir. 2000) ......................................................... 5

*Lakeside-Scott v. Multnomah Cnty.,*
 556 F.3d 797 (9th Cir. 2009) .......................................................... 5

*Landes Constr. Co., Inc. v. Royal Bank of Canada,*
 833 F.2d 1365 (9th Cir. 1987) ......................................................... 4

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

ii

Case No. 3:11-CV-01557-BTM (RBB)

*Mangum v. Action Collection Serv., Inc.*,
   575 F.3d 935 (9th Cir. 2009) ............................................................. 4

*Medforms Inc. v. Healthcare Mgmt. Solutions, Inc.*,
   290 F.3d 98 (2d Cir. 2002) .............................................................. 13

*Petralla v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014) .................................................................. 14

*Shapiro, Bernstein & Co. v. Jerry Vogel Music Co.*,
   161 F.2d 406 (2d Cir. 1946) ....................................................... 10, 11

*The Jeanery, Inc. v. James Jeans, Inc.*,
   849 F.2d 1148 (9th Cir. 1988) ........................................................... 4

*Turner v. Burlington Northern Santa Fe R.R. Co.*,
   338 F.3d 1058 (9th Cir. 2003) ..................................................... 5, 15

S<small>TATUTES</small>

17 U.S.C.
   §101 ............................................................................................. 9, 10
   §103(b) ........................................................................................ 10, 9
   §507 ................................................................................................. 16
   §507(b) ............................................................................................. 14

28 U.S.C.
   §2202 ................................................................................. 16, 17, 18

Federal Rules of Civil Procedure
   Rule 50(a) ........................................................................................ 2
   Rule 50(a)(1)..................................................................................... 4
   Rule 50(b) .......................................................................... 1, 3, 4, 5
   Rule 59(e) ........................................................................... 1, 3, 5, 15

Defendant's Renewed Motion for        iii      Case No. 3:11-CV-01557-BTM (RBB)
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Defendant/Counterclaim Plaintiff Victor Willis ("Defendant") hereby renews his motion for the entry of Judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, and moves to alter or amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

In a jury trial spanning February 9, 2015 through March 4, 2015, Defendant Victor Willis unequivocally demonstrated (i) that he was the sole lyricist of the English musical compositions at issue during the trial, and (ii) that Henri Belolo was ***not*** an author of the lyrics for any of those subject English works.  The evidence produced at trial indisputably shows that, regardless of whether any of the works were deemed to be adaptations of supposedly preexisting French works, Mr. Belolo was not a joint author of any of the English musical compositions at issue.  While the jury returned a verdict finding that Mr. Willis established that Mr. Belolo was not a joint author of 13 of the musical compositions at issue, the jury also found that Mr. Willis did not establish Mr. Belolo was not a joint author as to 11 other compositions.  That finding is contrary to the facts and governing law of joint authorship.

No reasonable jury could have found that Mr. Willis did not establish that Mr. Belolo did not contribute any copyrightable content to all of the subject compositions.  Mr. Belolo repeatedly and readily admitted that he did not write the English lyrics to any of the songs at issue and he acknowledged that he did not write the music either.  Even if it could have been found that Mr. Belolo contributed ideas, concepts, or titles to the compositions, the law, as set forth in the jury instructions submitted to the jury (the "Jury Instructions"), made clear that such contributions are not subject to copyright protection and cannot form the basis for a claim of authorship or joint authorship.  A copy of the Jury Instructions is

Defendant's Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

annexed as Exhibit A to the accompanying Declaration of John T. Jasnoch ("Jasnoch Dec."). Moreover, even accepting as true Plaintiffs' unproven theory that there were preexisting French versions of the disputed works, and that Mr. Belolo was a co-author of those preexisting works, as a matter of law, those facts would not make Belolo a joint author of the English works at issue in this action, since he did not contribute any copyrightable subject matter to those "new" works. Established copyright law mandates that only those who contribute new matter to such a derivative work are the "authors" of that new work. Finally, the trial record is devoid of any evidence that the parties – Belolo and Willis – intended that their alleged respective contributions to the subject works be merged into a joint work, which, again, the law and the jury instructions unequivocally require for joint authorship.

There was no legally sufficient evidentiary basis for a reasonable jury not to reach a verdict that Mr. Belolo was not a joint author of any of the compositions at issue. Accordingly, at the conclusion of the parties' case-in-chief and prior to the submission of the case to the jury, on February 19, 2015, Defendant moved, pursuant to Rule 50(a) of the Federal Rules for Civil Procedure, for Judgment as a Matter of Law ("JMOL") that Mr. Belolo is not a joint author of any of the works at issue. While the Court noted that the motion presented an interesting issue, the Court declined to "shoot from the hip" and instead denied Defendant's motion without prejudice.

A jury verdict was reached on March 4, 2015 (the "Verdict," a copy of which is annexed to the Jasnoch Dec. as Exhibit B), and the jury found that Defendant established by a preponderance of the evidence that Henri Belolo was not a joint author of 13 of the 24 subject musical compositions. However, with regard to the remaining 11 compositions at issue, entitled "St. Louis," "Star of

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

Paris," "Josephine Superstar," "Around The World," "Don't Cry Mommy," "In The Navy," "Go West," "I Want To Shake Your Hand," "Manhattan Woman," "Milkshake," and "Magic Night" (collectively, the "11 Compositions") the jury erroneously found that Defendant failed to establish by a preponderance of the evidence that Mr. Belolo was not a joint author of each of the Compositions.

On March 6, 2015, Defendant filed a proposed Declaratory Judgment (Jasnoch Dec., Ex. C), which, pertinent to the instant motion, included a request that Belolo account to Willis, from three years prior to the commencement of this action, for the writer's share of royalties he improperly obtained by claiming to be a joint author of songs for which he was not a joint author as found in this action. After both written and oral arguments were presented, the Court declined to include such relief in the Judgment entered on March 27, 2015, instead limiting monetary relief to the "post-termination" period.  It is respectfully submitted that this aspect of the Judgment is contrary to law, leads to a manifest injustice, and thus should be altered or amended on this motion.

Thus, Defendant now moves: (i) for relief from the Verdict and subsequent judgment entered on March 27, 2015 pursuant to the Fed.R.Civ.P. 50(b) motion for JMOL, finding that Belolo was not a joint author of any of the 11 Compositions, and (ii) to alter or amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to provide for Belolo to account to Willis for all writer's share of income improperly obtained by him from three years prior to the commencement of the action for each composition for which it is established that he was not a joint author.

## STANDARD OF REVIEW

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to

---

find for the party on that issue, the court may resolve the issue against the party and grant judgment as a matter of law against the party.  Fed.R.Civ.P. 50(a)(1).  If a court defers ruling on such a motion, a party may renew its motion under Rule 50(b) no later than 28 days after the entry of judgment.   Fed.R.Civ.P. 50(b).  "'Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.  That is, a motion for judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'"  *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 938-39 (9th Cir. 2009)[1] (affirming JMOL for defendants).  *See also Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) ("The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.").  The question is whether there is "substantial evidence" to support the jury finding for the non-moving party.  *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001); *The Jeanery, Inc. v. James Jeans, Inc.*, 849 F.2d 1148, 1151 (9th Cir. 1988).  Substantial evidence is defined as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence."  *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

Judgment as a matter of law is appropriate if the evidence and its inferences, considered as a whole and viewed in the light most favorable to the non-moving party, can only reasonably support a conclusion in favor of the moving party.  *The Jeanery, Inc.*, 849 F.2d at 1151.  "[A] reasonable inference 'cannot be supported by only threadbare conclusory statements instead of significant probative evidence'

---

[1]      Unless otherwise noted, citations are omitted and emphasis is added.

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

. . .  [A] 'mere scintilla is not enough' to sustain a verdict for the prevailing party." *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 802 (9th Cir. 2009).   "A reasonable inference is one 'which may be drawn from the evidence without resort to speculation.  When the record contains no proof beyond speculation to support the verdict, judgment as a matter of law is appropriate.'"  *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1026 (8th Cir. 2000).

Federal Rule of Civil Procedure 50(b) authorizes the Court to enter judgment as a matter of law.  As there was no legally sufficient evidentiary basis for a reasonable jury to reach the verdict that was reached in this case with respect to the 11 Compositions, it is respectfully submitted that the Court should find that Willis has established that Belolo was not a joint author of the 11 Compositions.

With respect to the relief set forth in the Judgment, "[a] district court has considerable discretion when considering a motion to amend judgment under Rule 59(e)."  *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  A Rule 59(e) motion may be granted where any one of the following is established: (i) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"; (ii) the moving party presents "newly discovered or previously unavailable evidence"; (iii) the motion is necessary to "prevent manifest injustice"; or (iv) there is an "intervening change in controlling law."  *Id.*  Here, where Belolo has been able to successfully receive and retain a "writer's share" of royalties for more than 35 years for songs he did not write, there is no legal basis for him to be allowed to retain those monies obtained in the three years prior to the commencement of this action, which the Copyright Act's statute of limitations permits Willis to recover against him.  Therefore, Willis respectfully submits that it is necessary to amend the judgment to correct this error and prevent manifest injustice, by including a provision calling for Mr. Belolo to

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

account for all writer's royalties, within the 3-year statute of limitations, for all songs he did not write (including the 11 Compositions), and the four compositions written by Mr. Willis appearing on the pre-1978 "Macho Man" album — "Macho Man," "I Am What I Am," "Key West," and "Soddom and Gommorah" (the "Macho Man Compositions"), which compositions are similarly situated and were equally litigated during the trial).

## ARGUMENTS

Defendant advances the following Arguments for a directed verdict:

- Belolo was not a joint author of the 11 Compositions as a matter of law because he did not contribute any content to any of the 11 Compositions, which are distinct works that stand separate and apart from the alleged pre-existing French Works.

- Even if Belolo did contribute content to the 11 Compositions, such contributions were not "substantial" and were at best, general ideas or concepts, which are not copyrightable.

- Even if Belolo could have contributed substantial content to each of the 11 Compositions, Defendant would still be entitled to judgment as a matter of law that Belolo is not a joint author of any of the 11 Compositions on the grounds that Defendant never, at any time, intended to be a joint author with Belolo, as such mutual intent is a pre-requisite to joint authorship.

Defendant further advances the following arguments with respect to amending the relief granted in the Judgment:

- The Court had broad discretion to grant further and necessary relief in connection with Declaratory Judgment.

- There is no legal basis for Belolo to retain improperly obtained "writer's royalties" – other than the statute of limitations.

- There is no legal basis to limit Willis' monetary relief on the authorship dispute to the time period following the respective effective dates of termination.

---

6

- It would constitute a manifest injustice for Belolo to retain writer's royalties earned within the statute of limitations for any song that he did not write, including the 11 Compositions and the Macho Man Compositions.

### EVIDENCE PRESENTED TO THE TRIER OF FACT

Belolo testified that his sole contribution to the 11 Compositions and the Macho Man Compositions was that he wrote the lyrics to the purported preexisting French works that were supposedly adapted by Willis.  (*See* excerpts from Belolo's Trial Testimony annexed to the Jasnoch Dec., as Ex. D).

For each of the 11 Compositions, Plaintiffs filed registrations with SACEM for both an English work and a French work and claimed that the French work was published before the English works were published.  Jasnoch Dec., Ex. D.

Belolo admitted at trial that he did not write or collaborate on any English lyrics or the music of any of the songs at issue, including the 11 Compositions. Jasnoch Dec., Ex. D at 844:22-845:7, 846-847, 848:5-848:8, 849-853, 854:1-854:10, 854:11-855:10, 858-859, and 886:11-886:14.

Mr. Willis unequivocally testified, that he did not read, write, or speak French, that he was the sole lyricist of the English lyrics of each of the songs at issue, including the 11 Compositions, that he came up with all of the lyrics on his own, and that nothing was translated for him and that no lyrics were given to him. Jasnoch Dec., Ex. E.

Furthermore, Mr. Willis gave detailed descriptions of the writing process for all of the songs and produced the original handwritten lyrics for many of the songs he wrote, including "Around The World," "Don't Cry Mommy," "Saint Louis," "Star of Paris," and "Josephine Superstar," and the composition book with "Magic Night" and "Milkshake."  *See* Trial Exhibits, 229(A)-(R).

Defendant's Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

Belolo admitted that none of the allegedly pre-existing French works were ever recorded or commercially released in French.  Jasnoch Dec., Ex. D.

The record is devoid of any evidence that any French lyrics were translated to Willis when he created each of the songs.

Plaintiffs submitted copyright registration forms for each of the 11 Compositions, and no pre-existing material was listed in any of the registrations by Willis for the 11 Compositions.

Mr. Willis did not intend that his English lyrics would be merged with anything that Mr. Belolo claimed to have done.  Jasnoch Dec., Ex. E.

## POINT I

### DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT BELOLO WAS NOT A JOINT AUTHOR OF ANY OF THE ELEVEN COMPOSITIONS

Based on the facts established at trial, there is no substantial evidence, indeed no evidence whatsoever, that Belolo was a joint author of the 11 Compositions.  Belolo cannot have been a joint author of any of the 11 Compositions as a matter of law because he admitted at trial that he made no contribution of any copyrightable content to those compositions.

Assuming *arguendo* that the jury found Belolo to have contributed some content to the 11 Compositions, the undisputed evidence shows that any such contribution was not "substantial," but could, at most, have been in the form of general ideas, not specific actual lyrics.  The law, as clearly set forth in the instructions the jury was required to follow, mandates that such contributions are wholly inadequate to deem a person a joint author.

Even resolving that dispute in Plaintiffs' favor, however, Belolo still cannot have been a joint author of the 11 Compositions as a matter of law because there is no evidence that Willis, at any time, intended to be a joint author with Belolo.

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

### 1. Belolo Made No Contribution to the 11 Compositions, Even if Belolo's Claim to Have Written Pre-Existing French Lyrics Was Credited by the Jury

Belolo made no contribution to the lyrics of the 11 Compositions because Willis independently created the English lyrics of those works without ever seeing or hearing Belolo's alleged French-language lyrics.   Willis testified without rebuttal that he created the lyrics from scratch.   Willis further testified that he received no input of any kind from Morali with respect to any alleged French lyrics written by Belolo to be adapted into English-language lyrics, and that Morali had no part in writing the English-language lyrics.   Therefore, even if the jury credited Belolo's testimony that he created French-language lyrics for Morali's melodies, as alleged, there is no evidence from which the jury could conclude that those lyrics found their way from Belolo to Willis, either directly or through Morali.

Accordingly, Belolo was not an *author* of the 11 Compositions.  He cannot therefore be a joint author.  *See, e.g.* 17 U.S.C. §101 ("joint work" means "a work prepared by two or more *authors* with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole").  *See also Erickson v. Trinity Theater, Inc.*, 13 F.3d 1061, 1069 (7th Cir. 1994) ("product will be considered a 'joint work' only if the collaborators can be considered 'authors'"). The Supreme Court has defined "author" as one "who translates an idea into a fixed, tangible expression entitled to copyright protection."   *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 737, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989).   Belolo did not contribute any "fixed tangible expression" to the 11 Compositions that could be "entitled to copyright protection."

Moreover, the Copyright Act and case law are clear that with respect to "derivative works" (works based upon a pre-existing work) the author of the

underlying pre-existing work *is not* an "author" of the derivative work. Section 103(b) of the Copyright Act, provides that:

> [T]he copyright in a compilation or derivative work extends only to the material contributed by the author of such work [*i.e.*, the derivative work], as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

17 U.S.C. §103(b).

Pertinent to the instant motion, the Copyright Act further defines a "derivative work," as a "work based upon one or more preexisting works, such as a translation, musical arrangement … or any other form in which a work may be recast, transformed, or adapted."  17 U.S.C. §101.

Accordingly, the courts have held that where a music composer creates a song with lyricist A, and then later uses the same melody to create a new song with new lyrics from lyricist B, the resulting new work is jointly owned by the composer and lyricist B, and lyricist A has no authorship claim in the second work. *See Shapiro*, *Bernstein & Co. v. Jerry Vogel Music Co.*, 161 F.2d 406, 410 (2d Cir. 1946) ("the 1912 version, composed of Burnett's music and Norton's lyrics, was a 'new work' separately copyrightable from the 1911 version . . . . It was also, as we have shown, a 'joint work.'").  In *Shapiro*, *Bernstein*, lyricist A was the composer's wife, who created lyrics for an unpublished 1911 version of the song at issue, and lyricist B was a different individual who created lyrics for a published, 1912 version.  The Nimmer copyright treatise explains that "although at the time the music was written one particular person was intended by the composer to be his collaborating lyric writer, if after the music is written a second and different person is chosen as the lyric writer, *such second person will be regarded as the*

1    *joint author of the resulting song*.”   1 Melville B. Nimmer & David Nimmer,

2    NIMMER ON COPYRIGHT, §6.03.[2]  Even crediting the factual allegations by Belolo

3    that he wrote French lyrics to pre-existing works, the instant case is

4    indistinguishable from *Shapiro*, *Bernstein* and the result should be the same as a

5    matter of law.

6          The Ninth Circuit reached the same conclusion in *Ashton-Tate Corp. v.*

7    *Ross*, 916 F.2d 516 (9th Cir. 1990).  There, defendant Ross created the “engine” of

8    a software program call MacCalc, which was a joint work also incorporating the

9    user interface created by plaintiff’s employee, Wigginton.  Wigginton’s employer

10   later built a second program, called Full Impact, based on the Wigginton interface

11   (but not the Ross engine) of MacCalc.  Ross argued (as Belolo argues here) that

12   because he was a joint author of MacCalc, he was thus also a joint author and

13   owner of Full Impact, derived in part from MacCalc, even though Full Impact did

14   not use the “engine” component Ross contributed to MacCalc.

15         The Northern District of California rejected that argument on summary

16   judgment and the Ninth Circuit affirmed:

17              In other words, Ross may have obtained a one-half ownership
18         interest in the user interface and Wigginton may have obtained a one-
           half interest in the engine [of MacCalc].  We need not decide this
19         issue now, however. Even assuming, *arguendo*, that Ross does have a
           one-half interest in the interface written by Wigginton, ***it does not***
20         ***follow that Ross is a joint author of the Full Impact program***
           ***because its interface is derived from his and Wigginton’s joint work***.
21         The Second Circuit’s decision in *Weissmann v. Freeman*, 868 F.2d
           1313 (2d Cir.), *cert. denied*, 493 U.S. 883, 107 L. Ed. 2d 172, 110 S.
22         Ct. 219 (1989), is a clear refutation of this position.  ***Joint authorship***
23
24   _____

[2]      *Nimmer* makes the further point that the 1946 result in *Shapiro*, *Bernstein* is
25   consistent with, and was “apparently incorporate[d]” by, the 1976 Copyright Act.
26   *Id.*, at n.14.

Defendant’s Renewed Motion for         Case No. 3:11-CV-01557-BTM (RBB)
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

*in a prior work is insufficient to make one a joint author of a derivative work: "if such were the law, it would eviscerate the independent copyright protection that attaches to a derivative work that is wholly independent of the protection afforded the preexisting work."* *Id.* at 1317. The analysis in *Weissmann* is sound, and we adopt its reasoning on this point.

*Ashton-Tate*, 916 F.2d at 522.

Therefore, Belolo cannot have been a joint author of the 11 Compositions, or the Macho Man Compositions, as a matter of law. He was, at most, a joint author of "prior works" he allegedly wrote with Morali, but even accepting the truth of that testimony he did not, by virtue of that fact, become a joint author of the 11 Compositions or the Macho Man Compositions jointly authored by Morali and Willis.

## 2. Belolo's Contributions, if Any, Were Not Substantial Enough to Support a Finding of Joint Authorship

As a matter of law, and as the jury was instructed in this case, each joint author of a work must contribute substantial authorship to the work. *Aalmuhammad v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 1999) (citing *Ashton-Tate, supra*); *see also* Jury Instructions. Merely contributing material is not sufficient, if the contribution is not also sufficiently valuable to make the contributor an "author."

But there is another element to a "joint work." A "joint work" includes "two or more authors." Aalmuhammed established that he contributed substantially to the film, but not that he was one of its "authors." *We hold that authorship is required under the statutory definition of a joint work, and that authorship is not the same thing as making a valuable and copyrightable contribution.* We recognize that a contributor of an expression may be deemed to be the "author" of that expression for purposes of determining whether it is independently copyrightable. The issue we deal with is a different and larger one: is the contributor an author of the joint work within the meaning of 17 U.S.C. §101.

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

*Aalmuhammed*, 202 F.3d at 1232.

The *Aalmuhammed* court emphasized (*Id.* at 1233-34) that "[t]he Second and Seventh Circuits have likewise concluded that contribution of independently copyrightable material to a work intended to be an inseparable whole will not suffice to establish authorship of a joint work. [Citations omitted]." *See also Medforms Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98 (2d Cir. 2002) (jury instruction required "significant" or "substantial" contribution from each co-author). Here, assuming some contribution by Belolo, that contribution was inadequate to rise to the level of joint authorship, under the law and the jury instructions, because it consisted at most of ideas and concepts, not specific lyrics. *See Balkin v. Wilson*, 863 F. Supp. 523 (W.D. Mich. 1994) (contributing ideas to songwriter who created music and lyrics was not sufficient to support claim of joint authorship). Belolo's contribution to the 11 Compositions, if any, was inadequate as a matter of law to make him a joint author of those works. It was not separately copyrightable, nor was it sufficiently "substantial" to make Belolo an author of the 11 Compositions, or the Macho Man Compositions.

### 3.    Willis Did Not Intend to Be a Joint Author With Belolo

In this Circuit, each joint author must not only contribute substantial, valuable  subject matter to the joint work; each joint author must also ***intend*** for the work to be considered a work of joint authorship, with all the legal consequences that status entails, and that such intent be evidenced by objective manifestations. *Aalmuhammad*, 202 F.3d at 1234. Here, the evidence was unrebutted that Willis never intended for Belolo to be considered a joint author of the 11 Compositions, as he was not aware that Belolo claimed to have written lyrics in French, and further, Willis never saw or heard any purported lyrics written by Belolo. Rather, Willis considered Morali, not Belolo, to be his co-author. That

Defendant's Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment                    Case No. 3:11-CV-01557-BTM (RBB)

cannot satisfy the intent requirement with respect to Belolo. *See Aalmuhammad*, 202 F.3d at 1234 ("a person claiming to be an author of a joint work must prove that both parties intended *each other* to be joint authors").

In sum, the facts at trial established that Belolo did not contribute any copyrightable content to the 11 Compositions, which, at best, incorporated his ideas and concepts, or were based upon alleged pre-existing French works. Neither of those facts, even if true, are a valid basis of joint authorship. Moreover, the unrebutted testimony established that Willis had no intention of creating a joint work with Belolo in any event. Accordingly, the jury should have found that Willis established that Belolo was not a joint author of the 11 Compositions, and Judgment should be granted in favor of Willis as a matter of law as to the 11 Compositions.

## POINT II

### THE JUDGMENT SHOULD BE AMENDED TO INCLUDE APPROPRIATE MONETARY DAMAGES FROM THREE YEARS PRIOR TO THE COMMENCMENT OF THE ACTION

The jury having found that Belolo was not a joint author of 13 of the musical compositions at issue, Defendant submitted a proposed Judgment on March 6, 2015. (*See* Jasnoch Dec., Ex. C). Paragraph 5 of that Proposed Judgment sought an Order directing Belolo to account for *writer's* performance royalties improperly obtained by him with respect to those 13 musical compositions. The proposed Judgment, acknowledging the Copyright Act's statute of limitations, which limits monetary recovery to the three years prior to the institution of the action, *see* 17 U.S.C. §507(b); *Petralla v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), sought an accounting of writer's royalties received from July 2008 forward only. The Court declined to grant such relief, and instead limited such monetary recovery to the time periods following the effective dates of termination for the

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

songs at issue.  It is respectfully submitted that there is no legal basis to limit the recovery in this authorship dispute to the effective dates of termination, or to otherwise stray from the established application of the statute of limitations in copyright actions to limit recovery to the three years prior to the commencement of the action.  To do so, would be contrary to law and would only lead to manifest injustice.

Pursuant to Federal Rule of Civil Procedure 59(e), a Court may alter or amend a Judgment where any one of the following is established: (i) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"; (ii) the moving party presents "newly discovered or previously unavailable evidence"; (iii) the motion is necessary to "prevent manifest injustice"; or (iv) there is an "intervening change in controlling law."  *Burlington Northern Santa Fe R.R.,* 338 F.3d at 1063.  Such is the case here.

In this instance, the jury has found that Mr. Belolo was not a joint author of YMCA and 12 other musical compositions.  The jury has further expressly found that Willis' Counterclaim was not barred by the Copyright Act's statute of limitations or the doctrine of estoppel.  (*See* Jasnoch Dec., Ex. B).  The jury has thus found that this authorship dispute was timely commenced.  Even though the authorship dispute has been litigated in the context of a termination case and declaratory judgment action, it is, nonetheless, an authorship dispute maintained under the U.S. Copyright Act.

An appropriate accounting and payment of monies belonging to Mr. Willis that were improperly obtained by Mr. Belolo is thus proper.  Indeed, just as this Court held in its March 4, 2013 Order that the termination provisions of the Copyright Act did not call for a different application as to when a claim under the Copyright Act "accrued" since the copyright statute of limitations "operates as it

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

normally does" even in a termination context (*see* March 4, 2013 Order [Dkt. 57] at p. 5), the mere fact that the authorship dispute was litigated in the context of a termination case should not alter the recoverable monetary damages in favor of Willis.  The jury found that such authorship dispute was timely commenced by Willis.  Accordingly, he is entitled to an appropriate monetary recover going back three years from the commencement of this action.

For more than 35 years Mr. Belolo improperly has received, directly from BMI, a percentage of the "writer's share" of U.S. public performance income for musical compositions, he did not write, money which properly belongs to Mr. Willis.  Acknowledging the Copyright Act's three-year statute of limitation (*see* 17 U.S.C. §507), which limits damages claims to the period three years prior to the filing of the action, the proposed Judgment directed Mr. Belolo to account for such improperly obtained U.S. performance royalties for the period from three years prior to the commencement of this action forward (*i.e.*, from July 14, 2008 forward).  Mr. Willis is entitled to such relief, and nothing in this action prevents such relief from being granted.

The Federal Declaratory Judgment Act, 28 U.S.C. §2202, empowers the Court to grant further necessary and proper relief based on the declaratory judgment:

> Further necessary and proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and a hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. §2202.

In this instance in which a jury has determined that Belolo was not a joint author of 13 songs (and the Court should grant judgment as a matter of law to

16

1    Willis on the 11 Compositions), such necessary and proper relief includes the

2    payment of monies improperly obtained through that erroneous authorship claim.

3        Two declaratory judgment copyright cases from the Second Circuit Court of

4    Appeals, one dealing with termination rights, and the other with renewal rights, are

5    directly on point.  *See Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*,

6    155 F.3d 17 (2nd Cir. 1998) (concerning a termination claim to a pre-1978 work

7    under §304 of the Copyright Act); and *Edward B. Marks Music Corp. v. Charles*

8    *K. Harris Publishing Co.*, 255 F.2d 518 (2nd Cir. 1958) (concerning a claim to the

9    renewal term of copyright).

10       In *Ahlert*, the "new" post-termination copyright owner of the song "Bye,

11   Bye Blackbird" sought a declaratory judgment as to it rights with respect to a

12   derivative recording of the composition recorded by Joe Cocker in 1968 –

13   specifically, its inclusion in the motion picture "Sleepless in Seattle" and the

14   accompanying soundtrack album.  After prevailing as to the merits of the sought

15   declaration, and despite the fact that the complaint did not specifically seek

16   damages or an accounting, the district court nevertheless awarded an accounting

17   and payment of money damages to *Ahlert*, citing its discretionary power under

18   28 U.S.C. §2202.  The Second Circuit Court of Appeals affirmed, first noting that

19   the complaint did include a general prayer for, "such other and further relief as the

20   court may deem just and proper," and further that such relief was well within the

21   purview of the court's power under §2202 in any event:

22       In its prayer for relief, Ahlert asked the district court to "grant []
         such other and further relief as the court may deem to be just and
23       proper," invoking the district court's power, pursuant to 28 U.S.C.
         §2202, to provide any "[f]urther necessary or proper relief based on a
24       declaratory judgment or decree … against any adverse party whose
         rights have been determined by such judgment."  A district court may
25       grant further relief, including monetary damages, whether or not it
26

27                                          17
Defendant's Renewed Motion for                    Case No. 3:11-CV-01557-BTM (RBB)
28   Judgment as a Matter of Law and Motion
     to Alter or Amend Judgment

"ha[d] been demanded, or even proved, in the original action for declaratory relief."

＊    ＊    ＊

The district court declared that Ahlert, rather than Warner, has the authority to license new uses of the Song, as embodied by the Cocker Derivative, for the duration of the extended renewal term. The relief awarded by the district court followed directly from that declaration: because Ahlert is entitled to receive royalties from post-termination licenses, the judgment awarding those royalties to Ahlert was "proper relief based on a declaratory judgment." 28 U.S.C. §2202.

*Fred Ahlert Music,* 155 F.3d 17 at 25.

In *Edward B. Marks Music*, 255 F.2d 518 (cited with approval in *Ahlert*), the Second Circuit likewise confirmed a district court's ability to award monetary damages in a copyright declaratory judgment action (whether or not it was expressly sought in the complaint). That action concerned competing claims to the renewal terms of copyright in numerous musical compositions. Relying upon the discretionary power set forth in 28 U.S.C. §2202 to provide further and necessary relief, the Second Circuit held that, "[w]e take this to mean that the further relief sought – here monetary recompense – need not have been demanded, or even proved, in the original action for declaratory relief." *Edward B. Marks Music*, 255 F.2d at 522. Accordingly, the court held that an accounting and award of monetary damages should have been granted.

Here, the relief sought naturally flows from the jury's determination of the authorship dispute and the governing law, which determination also expressly found that Willis' authorship claim was timely commenced. As such, he is entitled to all appropriate damages within three years from the commencement of the action. Accordingly, it is respectfully submitted that Paragraph 5 of the proposed Judgment constituted "proper relief based upon the declaratory judgment," *Ahlert*,

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

155 F.3d at 25, and should have been included in the Judgment entered by the Court, and thus an Amended Judgment should be entered providing for such relief for all the Willis Compositions that Belolo did not write, including the 11 Compositions and the Macho Man Compositions.

## CONCLUSION

For all of the foregoing reasons, Defendant/Counterclaimant Victor Willis respectfully requests that this Court: (i) grant his Renewed Motion for Judgment as a Matter of Law in its entirety and enter Judgment in Defendant's favor as a matter of law that Belolo is not a joint author of the 11 Compositions; (ii) grant his Motion to Alter or Amend the Judgment; and (iii) enter an Amended Judgment finding that Belolo is not a joint author of all musical compositions and including an Order directing Belolo to account for and pay over writer's royalties for the period three years prior to the commencement of the action for all 24 compositions for which he was not a joint author, including the 11 Compositions and the Macho Man Compositions; and (iv) grant Defendant such other and further relief as the Court deems necessary and proper.

DATED:  April 24, 2015

Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ John T. Jasnoch
Walter W. Noss
John T. Jasnoch
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
wnoss@scott-scott.com
jjasnoch@scott-scott.com

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REITLER KAILAS & ROSENBLATT LLC
Brian D. Caplan (admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com

CAPLAN & ROSS, LLP
Jonathan J. Ross (admitted *pro hac vice*)
270 Madison Avenue, 13th Floor
New York, New York 10016
jonathanjross@aol.com

*Attorneys for Defendant / Counterclaim
Plaintiff Victor Willis*

---

Defendant's Renewed Motion for
Judgment as a Matter of Law and Motion
to Alter or Amend Judgment

20

Case No. 3:11-CV-01557-BTM (RBB)

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

DATED:  April 24, 2015

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/John T. Jasnoch
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
jjasnoch@scott-scott.com

*Attorney for Defendant/Counterclaim Plaintiff Victor Willis*

Defendant's Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment

Case No. 3:11-CV-01557-BTM (RBB)