1 | Robert S. Besser, State Bar No. 46541
  | Christopher Chapin, State Bar No. 112608
2 | LAW OFFICES OF ROBERT S. BESSER
  | 1221 Second Street   Suite 300
3 | Santa Monica, California 90401
  | Tel: (310) 394-6611; Fax: (310) 394-6613
4 | rsbesser@aol.com christopherchapin@aol.com

5 | Stewart Levy, NY State Bar No. 1143356
  | Appearing *Pro Hac Vice*
6 | EISENBERG, TANCHUM & LEVY
  | 707 Westchester Avenue, Suite 300
7 | White Plains, New York 10604
  | Tel:    (212) 599-0777; Fax:  (212) 599-0770
8 | slevy@etllaw.com

9 | Attorneys for Plaintiffs/Counterclaim
  | Defendants CAN'T STOP PRODUCTIONS, INC.,
10 | SCORPIO MUSIC (BLACK SCORPIO) S.A.
   | and Counterclaim Defendant HENRI BELOLO

11 |

12 | UNITED STATES DISTRICT COURT

13 | SOUTHERN DISTRICT OF CALIFORNIA

14 | SCORPIO MUSIC (BLACK            Case No. 11CV1557 BTM (RBB)
   | SCORPIO) S.A. and CAN'T         Honorable Barry Ted Moskowitz
15 | STOP PRODUCTIONS, INC.,

16 |            Plaintiffs,          MEMORANDUM OF POINTS
   |                                 AND AUTHORITIES IN OPPOSITION
   | vs.                            TO DEFENDANT'S MOTION FOR
17 |                                JUDGMENT AS A MATTER OF LAW
   | VICTOR WILLIS, an individual,
18 |
   | Defendant.
19 | _____/

20 | VICTOR WILLIS,                  ORAL ARGUMENT REQUESTED

21 |            Counterclaimant,
   | vs.                            Date:  June 10, 2015
22 |                                Time:  2:00 p.m.
   | SCORPIO MUSIC, et al.,          Ctrm:  15B Annex
23 |
   |            Counterclaim-
24 |            Defendants.
   | _____/
25 |

26 |

27 |

28 |

---

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS
FOR JUDGMENT AS A MATTER OF LAW AND TO AMEND JUDGMENT
Case No. 11CV01557 BTM

I.        INTRODUCTION

Plaintiffs and Counter-defendants (collectively "Plaintiffs") respond to Willis' two post trial motions as follows:

A.        Renewed Motion For Judgment as a Matter of Law

All of Willis' three grounds for his motions are based upon the same untrue assertion that Willis "unequivocally demonstrated" at trial something that the jury in fact expressly rejected:  That Belolo was not a joint author of any of the 24 Disputed Works.[1]

(1)        Willis first contends that there was "no evidence from which the Jury could conclude that [the French lyrics] found there way from Belolo to Willis, either directly or through Morali." *Defendant's Memo*, p. 9, ll. 11-12.  This ignores the specific testimony of Belolo on direct *and* cross-examination, i.e., that he gave the French lyrics to Morali so that they could be conveyed to Willis and then checked the song to make sure this had been done.

(2)        Willis then argues that Belolo's contribution to the 11 Disputed Works was "inadequate as a matter of law to make him a joint author of those works." *Defendant's Memo*, p. 13, ll 13-14.  Defendant presents no analysis of the translations of any of the 11 Disputed Works thus ignoring the English translation (Trial Exhibit 134) that establishes extensive use of the French lyrics in the final versions.

Having been appropriately instructed and after long and concentrated deliberations that included the jurors listening to the original vinyl albums containing the 24 Disputed Works,[2] the jury found that Belolo had contributed sufficient copyrightable material to each of 11 of the Disputed Works to be deemed a "joint author" of each.

---

[1]   Defendant's Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment ("*Defendant's Memo*"), p. 1, ll. 6-17.

[2]   See Declaration of Robert S. Besser in Opposition to Motion for Judgment as a Matter of Law ("Besser Dec.") filed concurrently herewith, ¶ 2

1

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

1        (3)    Finally, Willis says he did not intend to create any joint works with

2   Belolo.  However, Willis never testified about his intent to create joint works with Belolo

3   (Exhibit "E" to the Jasnoch Declaration), but did intend that his contribution would be

4   part of a joint work.

5        The jury was not asked to determine Willis' intent with respect to Belolo because

6   Willis never asserted that it mattered.  The jury was instructed that Willis, as one of

7   multiple authors, must have the intent that his contribution "be merged into inseparable

8   or interdependent parts of a unitary whole." *Court Instruction* No. 11.

9        It is not Willis' intent to have his work combined with Belolo's that is relevant, it is

10  his intent that his work be part of a song to which others contributed that is the

11  determining factor.  In any event, there was no evidence or argument at all at trial on

12  this new claim by Willis and it cannot be raised on this motion.

13       2.    <u>Motion To Amend Judgment</u>

14       Willis' new and un-litigated claim that pre-termination income in any form

15  should be included in the Judgment has already been addressed by the Court:

16      ". . . all that I'm authorized to do I say how much he gets after the
    termination.  What happened before the termination is not before the
17  Court.  There could be contract issues, all other issues as to what Mr.
    Belolo got, but the question in this litigation is: What does Mr. Willis get
18
    after termination." *Transcript of Proceedings*, March 23, 2015, p. 26, ll. 2-
19  7.
20

21       Recognizing that these claims must be litigated, Defendant have filed suit in this

22  Court against Plaintiffs seeking the same relief as he does by this motion.  *Willis v.*

23  *Scorpio Music, et al.*, USDC Southern District of California Case No. 15CV1078 AJB

24  (JLB).[3]  These matters will be resolved in due course.

25

26

27  _____

28     [3]  A copy of the Complaint is attached as Exhibit "A" to the Besser Dec.

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

II.    ARGUMENT

A.    THE JURY'S DECISION THAT WILLIS FAILED TO CARRY HIS BURDEN TO PROVE THAT BELOLO DID NOT CONTRIBUTE COPYRIGHTABLE MATERIAL TO 11 OF THE 24 DISPUTED WORKS SHOULD NOT BE OVERTURNED.

1.    Standard to be applied

A jury's verdict must be upheld if it is supported by substantial evidence. *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2006). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Id.*   When ruling on a renewed motion for judgment as a matter of law, the court shall not weigh the evidence, but must merely determine whether the non-moving party presented sufficient evidence to support the jury's verdict. *Id.*

The court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* The court must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. *Id.* "Judgment as a matter of law may be granted only where, so viewed, the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000); *Tisdale v. Federal Express, Corp.*, 415 F.3d 516, 527 (6th Cir. 2005).

This court instructed the jury on the credibility of witnesses generally (Court's Instruction No. 6) and that it was their job to determine which evidence was credible and which was not.[4] Willis presents his arguments as if his testimony alone exists and that it should be believed without question. Willis ignores the direct testimony of Belolo and the substantial circumstantial evidence, including the comparison of the translations of Belolo's French lyrics to the final English versions, the testimony of third party witnesses to the extensive creative collaboration between Belolo and Morali, the

--------

[4]   Court's Instruction No. 6 is attached as part of Exhibit "A" to the Declaration of John T. Jasnoch in Support of Motion for Judgment as a Matter of Law and Motion to Alter/Amend Judgment.

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

1  agreements signed by Morali confirming Belolo's role in the writing and the terms of the

2  adaptation contracts that Willis signed.

3      The truth is that *the jury did not believe* that Willis wrote the lyrics by himself, with

4  no help from anyone including Morali or that the lyrics were based on Willis' own

5  experience.

6      2.     The Evidence Supports the Conclusion That Belolo Contributed to

7  the 11 Disputed Works by Providing His French Lyrics to Morali for Use in the Disputed

8  Works.

9      Plaintiffs presented substantial evidence which established that Belolo wrote

10  lyrics in French, gave them to Jacques Morali who wrote the accompanying music and

11  then met with Willis to give the lyrics and music to Willis so that he could adapt the

12  Works to the pop culture that existed in the late 1970's in the US and Western Europe.

13      On direct examination Belolo testified:

14      "Q.     Was there any regular procedure that you and Mr. Morali

15      used that woud convey information about your French songs

    to Mr. Willis?

16      A.     Yes. Morali was in charge of doing (*sic*) my song to Mr.

17      Willis." *Reporter's Transcript of Jury Trial* ("RT"), p. 638, ll,

18      19-22.

19      . . .

    "Q.     After the English version of the song had been created, in

20      any particular song –

21      A.     Uh-huh.

    Q.     – you then – I think you told us you then looked at the

22      English version, yes?

23      A.     Yes, sir.

    Q.     Why did you do that?

24      A.     Well, I have two duties, First, I'm the writer, and I want to

25      make sure that the translation fits me.  And second, as

26      executive producer, I want to make sure that the song has

27      some significacity (phonetic), will make it –

    Q.     What?

28

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

1   A.   A chance to be successful.

2   Q.   And did you do that with regard to all of the 24 songs at
        issue in this case?

3   A.   Always." *RT*, p. 640, ll. 2-19.

4   On cross-examination Belolo confirmed his testimony:

5   "A.   I testified about giving Morali my lyrics that had to be

6        explained to Willis.  That's what I testified.

    Q.   And did you provide Mr. Morali with the French lyrics, French

7        topics, French ideas and sometimes French titles prior to

8   him meeting with Mr. Willis?

9   A.   Yes." *RT*, Vol 6, p. 845, ll. 17-22.

    Q.   And when you composed your lyrics in French to the 24

10  French Works, you knew those lyrics would have to be

11  adapted into English, correct?"

12  A.   Yes."   *RT*, Vol. 6, p. 846, ll. 9-12.[5]

13

14      Willis' new and lengthy argument about derivative works (Defendant's Memo, pp.

15  9-12) was not raised at trial, would have been disproved and is irrelevant.

16      The cases relied on by Willis involve situations where the new contribution (be it

17  lyrics or software) was separate and distinct from the original contribution to the joint

18  work.  In those cases, the initial contribution was replaced, not used.  Here, Belolo's

19  contribution was substantially incorporated into each of the Disputed Works.

20      Even if the Disputed Works are deemed to be derivative works, they are

21  derivative works created by the three authors listed on the copyright certificates.  Willis

22  forgets that he failed to meet his burden of disproving the facts stated on the copyright

23  certificate, including that Belolo was a writer of the lyrics for each of the 11 Works.

24  Willis can only recapture a one-third share of the copyrights whether or not the English

25  versions are derivative works. Willis makes no attempt to explain why the result would

26  be any different.

27  _____

28  [5]  The pages from the *Transcript of Jury Trial* are attached as Exhibits "B" to the
    Besser Dec.

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

3.    Belolo's Contributions Were Substantial and Separately Copyrightable.

The jury had as Exhibit 135 the accepted literal translation of Belolo's French lyrics which could be compared to the final English version to determine the extent of Belolo's contributions.  The jury was provided with the albums and the means to listen to all of the songs and, with respect to "In The Navy" and "Go West," were able to examine written copies of the sheet music for the English songs. (Trial Exhibits 222 and 224).[6]

Even a cursory comparison of the translations establishes the extensive use of Belolo's French lyrics.  "In The Navy" presents the same message and incorporates numerous of Belolo's exact words and phrases with only very minor changes – "science and technology," "discover (changed to explore) the world," "your dreams (Willis added "all") come true," "sail the seven seas," etc. "Go West" does the same.

Defendant offered no counter analysis of any of the 11 Disputed Works.  Willis' unsupported claim that he alone created all the lyrics from scratch has been disproved by overwhelming direct and circumstantial evidence.

4.    Willis' Intent to Be a Joint Author.

Willis admits that he intended to be a joint author, but raises for the first time the question of his intent with regard to Belolo.  Willis offers no explanation for his failure to argue this factor at trial.  He made no attempt to seek to instruct the jury on his novel theory.  He does not argue that the jury instruction was improper.

As noted, Jury Instruction number 11 stated that "each author" ... "must have intended that their contributions be merged into inseparable or interdependent parts of a unitary whole ..."  That Willis so intended as to his contributions is beyond dispute.

---

[6]   Copies of the pertinent portion of Exhibit 134 as well as Exhibits 222 and 224 are attached as Exhibits "C," "D" and "E" to the Besser Dec.

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

B.     THE JUDGMENT CANNOT AND SHOULD NOT AWARD WILLIS ANY MONETARY DAMAGES

1.     No damage claim was ever raised or litigated

As noted, Willis has conceded that his damage claims are properly the subject of further litigation by filing a separate action against Scorpio, Can't Stop, and Henri Belolo for Unjust Enrichment, Conversion, Misappropriation, Fraud, Vicarious Infringement for Unauthorized Dramatic Public Performance and Breach of Fiduciary Duty for Failure to Maximize Value and Financial Return on Copyright.

Willis is aware that these claims could and should have been brought and tried with the rest of this case. Instead, Willis chose to seek only declaratory relief. As this Court pointed out, the Judgment is only intended to handle the ownership issues and what actually flows from Willis' acquisition of an ownership interest in the copyrights:

> "And so the ruling of the Court is that there will be a Paragraph No. 4 that says, 'Black Scorpio, Can't Stop Production, Inc., and Henri Belolo are hereby ordered and directly jointly and severally to account to defendant Victor Willis . . . for all monies received by or credited to either of them from the respective dates of termination through the entry of this judgment . . ." *Transcript of Proceedings*, March 23, 2015, p. 26, ll.13-17.

> "My intent is this:   That as the copyright owner, they're either 50 percent or 33 percent. Whatever that entitles him to and is being received by the counter-defendants, they have to account for it. . . . you want to construe the judgment any money that he is entitled to as an owner of the copyright, that's what they have to account for if they've received it." *Transcript of Proceedings*, March 23, 2015, p. 29, l. 24 through p. 30, l. 6.

2.     Willis Is Not Entitled to Any Pre-Termination Damages

The "recapture" provisions of 17 USC §203 do not include claims for money earned by a former transferee before recapture. Willis transferred his entire copyright interest in the late 1970's in return for an agreed upon royalty payment. Now he wants to, in effect, rescind those contracts and go back as far as he thinks the applicable statute of limitations will allow. But that is not the case that was tried.

7

1    The two Second Circuit cases relied upon by Willis do not support his

2    position.  In *Fred Alhert Music Corp. v. Warner/Chappell Music, Inc.*, 153 F. 3d 17 (2nd

3    Cir. 1998), as Willis notes, the Court awarded post-termination royalties. *Defendant's*

4    *Memo*, p. 18.   Nothing was awarded for pre-termination acts.

5    *Edward B. Marks Music* Corp. *v. Charles K. Harris Publishing Co.*, 255 F. 2d 518

6    (2nd Cir. 1958) is also inapplicable because it involved declaratory relief as to competing

7    ownership claims from which damages for infringement would naturally flow.

8    Willis' claim to damages has nothing to do with infringement or the Copyright Act.

9    It depends on specific proof of fraud, involves potential contractual issues (the validity

10   of Willis' adaptation contracts, the effect of Morali's contracts with Scorpio, the effect of

11   Willis accepting his BMI split without objection, etc.) and requires determinations (such

12   as Morali's contributions to the lyrics, if any) that were not at issue in the trial and would

13   require the joinder of the Morali estate to protect its interest.

14   III.    CONCLUSION

15   Willis premises his motions on a fanciful trial that did not occur. The jury was

16   properly instructed that it could consider both direct and circumstantial evidence

17   (*Court's Instruction* No. 3).  It did so and concluded that Willis' claim to be the sole

18   lyricist was not true.  Willis' motions should be denied in their entirety.

19   Dated: May 27, 2015
     LAW OFFICES OF ROBERT S. BESSER

20

     /s/ Robert S. Besser
21   ROBERT S. BESSER
     Attorneys for Plaintiffs/Counterclaim
22   Defendants CAN'T STOP PRODUCTIONS, INC.,
     SCORPIO MUSIC (BLACK SCORPIO) S.A.
23   and Counterclaim Defendant HENRI BELOLO

24

25

26

27

28

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT

CERTIFICATE OF ECF SERVICE

I am a member of the bar of this Court.  I am not a party to the within action and I am over the age of eighteen (18) years.

I hereby certify that all counsel for all appearing parties are Filing Users, as defined by Local Rule 5.4(c), and will be served with the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW through the Court's CM/ECF system.

Dated: May 27, 2015

/s/ Robert S. Besser
ROBERT S. BESSER

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND AN AMENDED JUDGMENT