Walter W. Noss (277580)
John T. Jasnoch (281605)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
Facsimile:  (619) 233-0508
Email:  wnoss@scott-scott.com
          jjasnoch@scott-scott.com

*Attorneys for Defendant Victor Willis*
[Additional counsel appear in signature block]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR WILLIS, <br><br> Defendant. | Case No. 3:11-CV-01557-BTM (RBB) <br><br> DEFENDANT/ COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MOTION FOR NEW TRIAL RE "Y.M.C.A." PURSUANT TO F.R.C.P. 59(a)(1)(A) |
| VICTOR WILLIS, <br><br> Counterclaimant, <br><br> vs. <br><br> SCORPIO  MUSIC  (BLACK  SCORPIO) S.A.,  CAN'T  STOP  PRODUCTIONS, INC. and HENRI BELOLO, <br><br> Counterclaim-Defendants. | Date: June 10, 2015 <br> Time:  2:00 P.M. <br> Courtroom:  15B Annex <br><br> Honorable Barry T. Moskowitz |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STANDARD OF REVIEW .................................................................................... 3

EVIDENCE PRESENTED TO THE TRIER OF FACT ........................................ 3

ARGUMENT ......................................................................................................... 6

   POINT I ........................................................................................................... 6

     A Jury's Verdict Should Not Be Overturned or Disturbed Based upon
     Issues of Credibility .................................................................................. 6

   POINT II ......................................................................................................... 7

     The Clear Weight of the Evidence Supports the Jury's Verdict that
     Belolo Was Not a Joint Author of YMCA .............................................. 7

   POINT III ...................................................................................................... 10

     There Was No False or Perjurious Evidence Presented at Trial or Other
     Injustice Which Would Warrant a New Trial ........................................ 10

   CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ace v. Aetna Life Ins. Co.*,
   139 F.3d 1241 (9th Cir.) ................................................................. 3

*Champion Home Builders v. Shumate*,
   388 F.2d 806 (10th Cir. 1967) ........................................................ 3

*Glovatorium, Inc. v. NCR Corp.*,
   684 F.2d 658 (9th Cir. 1982) ...................................................... 6, 7

*Lind v. Schenley Industries, Inc.*,
   278 F.2d 79 (3d Cir. 1960) ............................................................. 6

*Passantino v. Johnson & Johnson Consumer Products, Inc.*,
   212 F.3d 493 (9th Cir. 2000) .......................................................... 3

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
   768 F.2d 1001 (9th Cir. 1985) ........................................................ 6

*Winarto v. Toshiba Am. Electronics Components, Inc.*,
   274 F.3d 1276 (9th Cir. 2001) ........................................................ 3

STATUTES, RULES, AND REGULATIONS

Federal Rules of Civil Procedure
   Rule 59 ........................................................................................... 8
   Rule 59(a)(1)(A) ..................................................................... 1, 11

Defendant/Counterclaimant Victor Willis ("Defendant" or "Willis") hereby submits this Memorandum of Points and Authorities in Opposition to Plaintiffs and Counterclaim Defendants' ("Movants") Motion pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure for a New Trial regarding "Y.M.C.A." (ECF No. 223).

## **PRELIMINARY STATEMENT**

Over almost five full days, the jury carefully deliberated over the testimonial and documentary evidence submitted to it and ultimately found that Henri Belolo was not a joint author of "Y.M.C.A." and 12 other compositions he had falsely claimed to have co-written.  There was no finding that Belolo co-authored the other 11 compositions at issue.  Faced with no valid basis to attack the jury's finding that Belolo was not a joint author of 13 of the 24 subject compositions, and with no case law support whatsoever, Movants attempt to re-write history and frivolously attack Willis' credibility with no support in the record.  Movants' meritless arguments and histrionics cannot hide the fact that the jury found Mr. Belolo to be a liar and a fraud when:

(1)   Belolo claimed to have written French lyrics for Y.M.C.A. and the other 12 compositions before they were commercially released in English;

(2)   Belolo filed French lead sheets with SACEM for these compositions;

(3)   Belolo had himself listed as a co-author on the United States copyright registrations for these works; and

(4)   Belolo collected income for these songs from 1978 through 2015 from the United States and around the world under the false premise that he was a co-author.

1    Movants' motion for a new trial with respect to "Y.M.C.A." is based on
2  nothing more than speculation and conjecture, drawing improper inferences and
3  conclusions from the jury's findings that have no basis in fact or law.

4    Movants implore the Court to substitute its own judgment for that of the jury
5  and to vacate the jury's finding that Willis demonstrated beyond a preponderance
6  of the evidence that Belolo was not a joint author of "Y.M.C.A."   Notably,
7  Movants' motion is only directed at, arguably, the most lucrative of the Village
8  People's songs, and does not challenge the jury's findings or ability to assess the
9  credibility of the witnesses with respect to the remaining 12 songs on which the
10 jury made the same finding.  The jury's findings with respect to those other 12
11 compositions were based upon the very same evidence that Movants cite in support
12 of their motion to overturn the jury's verdict with respect to Y.M.C.A. Movants
13 have not set forth any evidence submitted at trial which would distinguish
14 Y.M.C.A. from the other compositions that Movants implicitly agree the jury
15 accurately addressed.  Thus, Movants' tacit acceptance of the jury's findings with
16 respect to the other 12 songs is impossible to reconcile with its claim that the jury
17 improperly determined the joint authorship issue with respect to Y.M.C.A.

18   Rather than respect the jury's sound and amply supported verdict pertaining
19 to Y.M.C.A., Movants have chosen, instead, to continue to disregard Defendant's
20 rights through their meritless motion, which, Defendant respectfully submits, can
21 only have been filed to delay Defendant's inevitable enforcement of his well-
22 earned judgment.

23   Movants have not proffered any argument or demonstrated any manifest
24 injustice which would warrant a new trial.  Accordingly, it is respectfully
25 submitted that Movants' motion should be denied in its entirety.

26

27 DEFENDANT'S OPPOSITION TO PLAINTIFFS'     2     Case No. 3:11-CV-01557-BTM (RBB)
   AND COUNTERCLAIM DEFENDANTS'
28 MOTION FOR NEW TRIAL RE "Y.M.C.A"
   PURSUANT TO F.R.C.P. 59(a)(1)(A)

## STANDARD OF REVIEW

The Ninth Circuit has held that a "trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000) (citing *Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241, 1248 (9th Cir.)).

Movants have not met this stringent standard. To disguise this fact, Movants misrepresent the evidence presented to the jury and draw incorrect factual and legal inferences about the jury's findings in a last-ditch effort to keep their participation in the profits of the most lucrative song in the Village People's discography intact. Notably, Movants do not dispute the jury's ability to discern whether Mr. Belolo was a joint author of any of the other 24 songs at issue; they only take issue with the jury's findings in connection with the most financially successful disputed song.

However, on a motion for new trial on the ground of insufficiency of evidence to support a verdict, "'the evidence must be viewed in a light most favorable to the party against whom a motion is made, and he must be given the benefit of all inferences fairly drawn therefrom.'" *Champion Home Builders v. Shumate*, 388 F.2d 806, 808 (10th Cir. 1967).[1]  *See also Winarto v. Toshiba Am. Electronics Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001).

## EVIDENCE PRESENTED TO THE TRIER OF FACT

Mr. Willis unequivocally testified that he did not read, write, or speak French; that he was the sole lyricist of the English lyrics of each of the 24 songs at issue, including Y.M.C.A.; that he came up with the lyrics to that song on his own,

---

[1]     Unless otherwise noted, citations are omitted and emphasis is added.

1    and that nothing was translated for him and that no lyrics were given to him. (*See*

2    excerpts from Willis' Trial Testimony annexed to the accompanying Declaration

3    of John T. Jasnoch ("Jasnoch Dec.") as Ex. A.)

4         The record is devoid of any evidence that any French lyrics were provided to

5    or translated by Willis when he created each of the 24 songs.

6         Furthermore, Mr. Willis gave detailed descriptions of his inspiration and the

7    writing process for Y.M.C.A. Jasnoch Dec. Ex. A.

8         Mr. Willis did not intend that his English lyrics would be merged with

9    anything that Mr. Belolo claimed to have done.  Jasnoch Dec. Ex. A.

10        Mr. Belolo did not collaborate with Mr. Willis in any capacity during the

11   time Mr. Willis wrote the lyrics to Y.M.C.A. Jasnoch Dec. Ex. A and Ex. B

12   (excerpts from the trial testimony of Henri Belolo).

13        Belolo admitted at trial that he did not write or collaborate on the English

14   lyrics of any of the 24 songs at issue, including Y.M.C.A., or the music to these

15   songs.  Jasnoch Dec. Ex. B.

16        Belolo testified that his sole contribution to Y.M.C.A. was that he wrote the

17   lyrics to the purported preexisting French work, "La Vie Du Bon Cote" that was

18   supposedly adapted into the English work, "Y.M.C.A." Jasnoch Dec. Ex. B.

19        Belolo testified that when he wrote "La Vie Du Bon Cote" he had never

20   been into a Y.M.C.A. nor did he know about "YMCAs."  Jasnoch Dec., Ex. B.

21   Mr. Belolo testified that it was simply a coincidence that "La Vie Du Bon Cote"

22   begins with the words "jeune homme" or "young man," the very same words that

23   start the song "Y.M.C.A."  In fact, showing their desperation, Plaintiffs now argue,

24   on this motion, that even though "jeune homme" is translated to "young ***man***,"

25   since Y.M.C.A. stands for the Young "***Men's***" Christian Association, Mr. Willis is

26

27   DEFENDANT'S OPPOSITION TO PLAINTIFFS'        4        Case No. 3:11-CV-01557-BTM (RBB)
     AND COUNTERCLAIM DEFENDANTS'

28   MOTION FOR NEW TRIAL RE "Y.M.C.A"
     PURSUANT TO F.R.C.P. 59(a)(1)(A)

1    somehow unbelievable for claiming that his lyrics "young man," were derived

2    from the name for Y.M.C.A.

3         Jean Philippe Alvaro Georges Marie Iliesco ("Iliesco") testified that he was

4    present when Belolo and Morali were working on "La Vie Du Bon Cote," a work

5    in progress that had not yet been completed, except that they already had the word

6    "YMCA," which was written before "du bon cote."  Jasnoch Dec. Ex. C (excerpts

7    of the trial testimony of Mr. Iliesco).

8         Belolo, on the other hand, testified that "La Vie Du Bon Cote" was

9    completed months before Y.M.C.A. was even an idea.  Jasnoch Dec. Ex. B.

10        Belolo admitted that he retained no handwritten lyrics for the 24 works.

11   Jasnoch Dec. Ex. B.

12        Movants filed a copyright registration with SACEM for both an English

13   work and a French work months after the commercial release of "Y.M.C.A" in the

14   United States, and claimed that the French work was published before the English

15   work was published.  Jasnoch Dec. Ex. B.

16        Belolo admitted that none of the allegedly pre-existing French works,

17   including "La Vie Du Bon Cote," were ever recorded or commercially released in

18   French.  Jasnoch Dec., Ex. B.

19        Movants submitted a copyright registration form to the U.S. Copyright

20   Office for the song "Y.M.C.A." and no pre-existing material was listed in such

21   registration.

22

23

24

25

26

27   DEFENDANT'S OPPOSITION TO PLAINTIFFS'     5        Case No. 3:11-CV-01557-BTM (RBB)
     AND COUNTERCLAIM DEFENDANTS'
28   MOTION FOR NEW TRIAL RE "Y.M.C.A"
     PURSUANT TO F.R.C.P. 59(a)(1)(A)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ARGUMENT

### POINT I

### A Jury's Verdict Should Not Be Overturned or Disturbed Based upon Issues of Credibility

The Ninth Circuit has held that it "will not disturb a jury verdict unless the evidence is such 'that no reasonable man would accept it as adequate to establish the existence of each fact essential to the liability.'" *Glovatorium, Inc. v. NCR Corp.*, 684 F.2d 658, 660 (9th Cir. 1982). "It is the function of the jury, not of this court, to weigh conflicting evidence and judge the credibility of witnesses." *Id*. *See also Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001 (9th Cir. 1985).

In cases where, as here, there is "no undesirable or pernicious element," a grant of a new trial on the ground that the verdict was against the weight of the evidence is equivalent to "the trial judge . . . substitut[ing] his judgment of the facts and the credibility of the witnesses for that of the jury.  Such an action effects a denigration of the jury system and to the extent new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts." *Lind v. Schenley Industries, Inc.*, 278 F.2d 79, 90 (3d Cir. 1960).

The grant of a new trial in this action would constitute such a "denigration." Movants' unfounded attacks on Willis' credibility were rejected by the jury when it concluded that: (1) Willis' claims were not barred by the statute of limitations; (2) Willis' claims were not barred by the doctrine of estoppel; and (3) Belolo was in fact not a co-author of "Y.M.C.A." and 12 other compositions.

Notwithstanding Movants' meritless credibility attacks on Mr. Willis,[2] which assertions are not supported by any testimonial or documentary evidence in

---

[2]    Indeed, the sole "evidence" proffered by Movants in support of their ludicrous suggestion that Mr. Willis' credibility is "extremely suspect" is various factual statements made by

the record, this Court should not usurp "the function of the jury," *i.e.*, "to weigh conflicting evidence and judge the credibility of witnesses." *Glovatorium*, 684 F.2d at 660.

## POINT II

### The Clear Weight of the Evidence Supports the Jury's Verdict that Belolo Was Not a Joint Author of YMCA

Based on the facts established at trial, there is substantial evidence to support the jury's verdict that Belolo was not a joint author of Y.M.C.A. Movants make the unfounded and speculative assertion that the jury "apparently misconstrued the Court's instructions" simply because the verdict was not the result Movants wanted. There is no reason to believe that the jury gave any more credence to the Court's instruction that a "joint author must have made a substantial and valuable contribution to the work" than the instruction that "each author's contribution to the joint work need not be equal quantitatively or qualitatively."

Movants make the bold and speculative assertion that "material jury error is the ***only*** reasonable conclusion to explain the Jury's decision that Mr. Belolo was not a joint author of 'Y.M.C.A.'" Motion at 2:14-15 (emphasis added). *See also*, Motion at 3:14-17. To the contrary, there are a number of other ways to explain the jury's finding that Mr. Belolo was not a joint author of "Y.M.C.A." – *to wit*:

(1)    "La Vie Du Bon Cote" was written after "Y.M.C.A." was created;

---

Mr. Willis at trial with which Movants don't agree, *i.e.*, that Belolo perpetrated a fraudulent scheme to deprive Willis of his authorship credits (Motion at 2:20-3:4), that Willis wrote the lyrics to the 24 Disputed Works (Motion at 6:9-11) that Willis did not believe that there was a gay undertone to the Village People (Motion at 6:11-14), and that Willis did not send a particular email (Motion at 6:16-17). The motion is glaringly devoid of any evidence which would undermine Mr. Willis' assertions or credibility. Similarly, Movants did not, and cannot, present any evidence that Mr. Willis' testimony was perjurious, the only standard by which a new trial could be rendered.

(2)  "La Vie Du Bon Cote" was written before "Y.M.C.A." was created, but was not adapted or translated into "Y.M.C.A.";

(3)  Willis wrote the lyrics to "Y.M.C.A." from scratch without reliance on any other work;

(4)  Willis never intended that his English lyrics would be merged with anything Belolo claimed to have created;

(5)  Belolo did not contribute any copyrightable subject matter to "Y.M.C.A."; or

(6)  Belolo's contributions to "Y.M.C.A" were not significant enough to qualify him to be a co-author of that work.

Here, there is a plethora of evidence to support the jury's verdict that Belolo was not a joint author of "Y.M.C.A."  At trial, Belolo plainly admitted that he made no contribution of copyrightable content to that composition.  Furthermore, all reasonable inferences must be drawn against Plaintiffs on their Rule 59 motion, and even if that the jury believed that Belolo contributed some content to the YMCA composition, the undisputed evidence showed that such contribution was not "substantial" and at most, was a general idea, not specific actual lyrics.  The law, and the instructions provided to the jury, clearly mandates that such contribution is wholly inadequate to render a person a joint author.  Moreover, even resolving that dispute in Movants' favor, Belolo still cannot have been a joint author of YMCA as a matter of law because there is no evidence that Willis, at any time, intended to be a joint author with Belolo.

Movants assert that the jury "totally rejected Willis' 'fraudulent scheme' claim."  While Defendant/Counterclaimant Willis did not once use the term "fraud" during the entire two-week jury trial, it is abundantly clear the jury found that Movants had perpetrated a fraudulent scheme.  The jury's findings that Belolo

did not author 13 of the 24 disputed songs and that the equitable doctrine of estoppel did not apply, in the face of copyright registration certificates and SACEM filings made by Belolo listing Belolo as an author going back to 1978 illustrate that the jury did believe that Belolo had created a "heinous plot" and "engaged in a more than three decades old scheme to deprive Willis of a share of his author credits" (Motion at 2:23-25).  Movants totally misconstrue the jury's findings and overinflate their practical consequence.

The jury did not find, contrary to Movants' erroneous assertions, that Belolo was a joint author of any of the compositions at issue.  Rather, the jury only found that Willis did not establish by a preponderance of the evidence that Belolo was not a joint author.  The jury may more than likely have found that Mr. Belolo made no contributions whatsoever, let alone sufficiently substantial contributions to qualify as "joint authorship."

In fact, the jurors found that Willis had not met his burden to demonstrate that Belolo was not a joint author of 11 of the 24 compositions put before them, demonstrating that they were capable of applying the Court's instructions in a case-by-case basis depending on the composition at issue.

Turning to the Movants' side-by-side comparison of the French and English works, Movants make the circular argument that because the phrase "jeune homme" in "La Vie Du Bon Cote" is repeated in the same rhythmic cadence and serves the same function as the phrase "young man" in "Y.M.C.A.," the French lyrics, as purportedly written by Mr. Belolo, must have substantially contributed to the creation of the English lyrics.  However, this theory has no basis as the jury could easily have found that Mr. Belolo's testimony that he created the French lyrics to "La Vie Du Bon Cote" before "Y.M.C.A." was created incredulous. Indeed, the testimony of Mr. Iliesco only supported a finding that Y.M.C.A. came

first.  Movants completely disregard this as a possibility, even though it appears that the jury did not find Mr. Belolo's testimony to be credible with respect to the majority of the Compositions (most of which are not challenged).

## POINT III

### There Was No False or Perjurious Evidence Presented at Trial or Other Injustice Which Would Warrant a New Trial

In this instance, the jury found that Mr. Belolo was not a joint author of Y.M.C.A. and 12 other musical compositions.  The jury also found that Movants had not demonstrated by a preponderance of the evidence that Mr. Belolo was not a joint author of 11 of the compositions.  There is no manifest injustice or "miscarriage of justice" to be prevented or rectified by a new trial.

Movants' statement that "Willis' credibility is extremely suspect to say the least," Motion at 6:9, is merely the self-serving opinion of an unsuccessful litigant. Movants' claim that Willis testified falsely, Motion at 3:8-13, is a heavy accusation not supported by any evidence.  Movants' sole support for this outrageous assertion is that the jury did not find in Defendant's favor with respect to two of the songs which Movants claim Defendant gave "false" testimony.  Such speculative and unsupported declarations as to a witness's credibility cannot form the basis for overturning a jury's verdict and awarding a new trial.  If anything, it demonstrates that the jury carefully weighed all of the evidence in delivering its verdict.

A fair trial was had, the jury rendered its decision, and Movants have not identified any sufficient basis to overturn that verdict.

## CONCLUSION

For all of the foregoing reasons, Defendant/Counterclaimant Victor Willis respectfully requests that this Court deny Plaintiffs' and Counterclaim Defendants'

1   Motion for a New Trial regarding "Y.M.C.A." pursuant to Rule 59(a)(1)(A) of the

2   Federal Rules of Civil Procedure and grant Defendant such other and further relief

3   as the Court deems necessary and proper.

4

5   DATED:  May 27, 2015                    Respectfully submitted,

6                                           SCOTT+SCOTT, ATTORNEYS AT LAW,
                                            LLP

7                                           /s/ John T. Jasnoch
8                                           Walter W. Noss
                                            John T. Jasnoch
9                                           707 Broadway, Suite 1000
                                            San Diego, CA  92101
10                                          Telephone:  (619) 233-4565
                                            wnoss@scott-scott.com
11                                          jjasnoch@scott-scott.com

12                                          REITLER KAILAS & ROSENBLATT LLC
                                            Brian D. Caplan (admitted *pro hac vice*)
13                                          885 Third Avenue, 20th Floor
                                            New York, NY 10022
14                                          Telephone: (212) 209-3050
                                            bcaplan@reitlerlaw.com

15                                          CAPLAN & ROSS, LLP
                                            Jonathan J. Ross (admitted *pro hac vice*)
16                                          270 Madison Avenue, 13th Floor
                                            New York, New York 10016
17                                          jonathanjross@aol.com

18                                          *Attorneys for Defendant / Counterclaim*
                                            *Plaintiff Victor Willis*
19

20

21

22

23

24

25

26

27   DEFENDANT'S OPPOSITION TO PLAINTIFFS'      11      Case No. 3:11-CV-01557-BTM (RBB)
     AND COUNTERCLAIM DEFENDANTS'
28   MOTION FOR NEW TRIAL RE "Y.M.C.A"
     PURSUANT TO F.R.C.P. 59(a)(1)(A)

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2015, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ John T. Jasnoch
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
jjasnoch@scott-scott.com