# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.,<br><br>                      Plaintiff,<br><br>vs.<br><br>VICTOR WILLIS,<br><br>                      Defendant. | Case No.:  11cv1557 BTM(RBB)<br><br>**ORDER DENYING MOTION TO VACATE THE VAN WYCK JUDGMENT** |
| VICTOR WILLIS,<br><br>                      Counterclaimant,<br><br>vs.<br><br>SCORPIO MUSIC (BLACK SCORPIO) S.A., CAN'T STOP PRODUCTIONS, INC. and HENRI BELOLO,<br><br>                      Counterclaim-Defendants | |

1

11cv1557 BTM(RBB)

## I. INTRODUCTION

Intervenor Karen L. Willis has filed a motion to vacate the state court judgment obtained by Michael E. Moore and Jason Rodenbo against Victor Willis in the amount of $250,975.08.[1] This judgment was later assigned by Moore and Rodenbo to Van Wyck, Inc. In an order filed on September 15, 2015, the Court determined that Van Wyck has a valid judgment lien under California law. For the reasons discussed below, the motion to vacate is **DENIED**.

## II. DISCUSSION

Mrs. Willis seeks to void the state court judgment under Fed. R. Civ. P. 60(b) and (d). She contends that the state court judgment was fraudulently obtained by Moore and Rodenbo because the fee agreement that formed the basis of their lawsuit against Victor Willis ("Willis") was entered into by Moore and Rodenbo's professional corporations, not Moore and Rodenbo as individuals. According to Mrs. Willis, because the fee agreement was between Willis and the respective professional corporations, Moore and Rodenbo lacked standing to bring suit against Willis for breach of contract, and, therefore, the judgment should not stand.

---

[1] Victor Willis has joined in the motion.

Even if Rule 60 were a proper vehicle to seek the relief requested by Mrs. Willis,[2] the Court concludes that it lacks subject matter jurisdiction over Mrs. Willis's claim that the state court judgment is void due to fraud on the court.  Under the Rooker-Feldman[3] doctrine, a losing party in state court is forbidden "from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).  The Rooker-Feldman doctrine bars forbidden de facto appeals from state court – i.e., "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

Mrs. Willis argues that Rooker-Feldman does not apply here because she is not alleging that the state court committed legal error but that Moore and Rodenbo committed fraud upon the court by failing to disclose that they lacked standing to

---

[2] Courts have held that Rule 60(b) does not apply to state court judgments. See Holder v. Simon, 384 Fed. Appx. 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); De Mol v. Grand Canyon Title Agency, 2010 WL 4269534, at * 1 (D. Ariz. Oct. 25, 2010) (holding that Rule 60(b) is not the appropriate mechanism for challenging the validity of a state court judgment).  In her reply, Mrs. Willis explains that she is relying on Rule 60(d), not Rule 60(b).  However, Mrs. Willis does not identify any authority that Rule 60(d) can be used to void a state court judgment.

[3] The doctrine takes its name from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

bring their claims against Willis. Mrs. Willis relies on the following language from the Noel decision:

> We believe that the following general formulation describes the distinctive role of the Rooker–Feldman doctrine in our federal system: If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction.

Noel, 341 F.3d 15 1164.

Mrs. Willis claims that Moore and Rodenbo misled the court, but her ultimate argument is that the judgment should be voided because Moore and Rodenbo lacked standing to bring their claims. See Menna v. Radmanesh, 2014 WL 6892724, at * 8 (C.D. Cal. Oct. 7, 2014) (explaining that although the plaintiff protested that the defendants engaged in wrongdoing that resulted in the state court judgments, plaintiff's theory was that the courts lacked jurisdiction, rendering his action a de facto appeal). Although Mrs. Willis places the blame on Moore and Rodenbo, she contends that the judgment was entered in error and should therefore be set aside.

Furthermore, the injury claimed by Mrs. Willis is injury to Mr. Willis and herself from the state court judgment, not some independent harm. See GASH Associates v. Village of Rosemont, 995 F.2d 726, 729 (7th Cir. 1993) ("[T]he injury of which GASH complains was caused *by* the judgment, just as in Rooker,

Feldman, and Ritter. GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the [state court] judgment . . . .") Mrs. Willis explains that "Van Wyck with use of its Judgment against Willis actively seeks to infringe upon Intervenor's interests in Willis's judgments and copyrights stemming from Scorpio v. Willis." (Doc. 283 at 3:20-22.)

"Reduced to its essence, Rooker held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." Noel, 341 F.3d at 1156. This is precisely what Mrs. Willis is doing here. Therefore, the Court lacks subject matter jurisdiction over Mrs. Willis's claim.

### III. CONCLUSION

For the reasons discussed above, Mrs. Willis's motion to vacate the state court judgment is **DENIED**.

Dated: January 4, 2016

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court