UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCORPIO MUSIC (BLACK SCORPIO) S.A. and CAN'T STOP PRODUCTIONS, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>VICTOR WILLIS,<br><br>       Defendant. | Case No.: 11-cv-01557-BTM(RBB)<br><br>**ORDER DENYING INTERVENOR'S EX PARTE MOTION FOR INDICATIVE RULING**<br><br>**[ECF NO. 309]** |
| VICTOR WILLIS,<br><br>       Counterclaimant,<br><br>v.<br><br>SCORPIO MUSIC (BLACK SCORPIO) and CAN'T STOP PRODUCTIONS, INC.,<br><br>    Counterclaim-Defendants,<br><br>-and-<br><br>HENRI BELOLO,<br><br>    Additional Counterclaim-Defendant. | |

  Intervenor Karen Willis ("Intervenor") has filed an ex parte motion for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 (the "Ex Parte Motion"). For the reasons below, Intervenor's Ex Parte Motion is **DENIED**.

# I.
# **BACKGROUND**

A.  Procedural History

This case is presently on appeal to the Ninth Circuit following a jury trial. The Court recites here only the facts necessary to understand the case's current posture as it relates to the Ex Parte Motion.[1]

Scorpio Music (Black Scorpio) S.A. ("Scorpio"), and Can't Stop Productions, Inc. ("CSP") (collectively, "Plaintiffs") sued Victor Willis ("Willis" or "Mr. Willis"), a songwriter and the original lead singer of the Village People, after Willis served notice of termination of copyright grants by which Plaintiffs were ultimately assigned his share of the interests in 33 Village People songs (the "Compositions").  Plaintiffs sought a judicial determination regarding the percentage of interest Willis was entitled to recover upon termination.  They argued he was entitled to recover, at most, 33 1/3% (representing an equal share assuming three authors).  Willis counterclaimed, alleging that Henri Belolo ("Belolo") did not contribute to the authorship of 24 of the Compositions ("24 Disputed Works").  Based on this contention, he sought a declaratory judgment that he is a 50% owner of the 24 Disputed Works, and was therefore entitled to recover 50% of the copyright interests in the Disputed Works.

The case proceeded to trial on February 9, 2015.  On March 4, 2015, the jury returned a split verdict, finding that for 13 of the 24 Disputed Works, Willis had established by a preponderance of the evidence that Belolo is not a joint author, but that he had not disproven Belolo's joint authorship as to 11 of the 14 Disputed Works.

Judgment was entered on March 27, 2015, in accordance with the jury

---

[1]  The Court's September 15, 2015 order granting Defendant's motion for attorney's fees [ECF No. 280], provides additional information regarding the history of this action.

verdict.  The judgment specified that Willis recaptured 50% of the U.S. Copyright in the 13 compositions on which he prevailed and recaptured 33 1/3% of the U.S. Copyright in the remaining 11 compositions.

On May 21, 2015, Plaintiffs and Counter-Defendants Belolo, Scorpio and CSP (collectively, "Counter-Defendants") sought an order allowing deposit in the Court Registry of Victor Willis's share of the publishing income generated by exploitation of the copyright shares Willis recaptured, so the Court could address the rights of claimants asserting conflicting interests in the funds.  [ECF No. 229-1].  The conflicting claimants identified in the motion were Victor Willis, Van Wyck, Inc. (a judgment creditor), Harlem West Music Group and Reach Music.

On June 12, 2015, the Court issued an order to show cause ("OSC") requiring all concerned parties and claimants to show why funds deposited by Plaintiffs in the Court Registry Investment System ("CRIS") should not be disbursed to Mr. Willis.  OSC at 2-3 [ECF No. 244].  In response, Van Wyck filed a motion to enforce its judgment lien.  [ECF No. 267.]

On June 19, 2015, while the OSC was pending, Victor Willis's wife, Karen Willis ("Ms. Willis" or "Intervenor"), appearing pro se, filed an ex parte application for leave to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) "for a limited purpose related to the motion to deposit funds" in the CRIS.  Ex Parte Appl. for Leave to Interv. at 1 [ECF No. 246].  The Court granted Ms. Willis's motion to intervene to file an opposition to Van Wyck's Motion to Enforce Judgment Lien and "raise any other arguments she may have regarding why Van Wyck's lien should not be enforced."  Order Granting Mot. to Interv. at 3:2-4, 3:9-11, & 3 n.1. [ECF No. 274].

In the meantime, while the OSC was pending, the parties filed cross appeals with the Ninth Circuit.  See Scorpio Music S.A., et al. v. Victor Willis, et al., No. 15-56054 (9th Cir. July 8, 2015); Scorpio Music S.A., et al. v. Victor Willis, No. 15-56121 (9th Cir. July 21, 2015).  The appeals are pending.

On September 15, 2015, the Court issued an order holding that while Van Wyck had a valid judgment lien, in light of the pending cross appeals, it was premature to dispurse the royalty funds deposited in the CRIS. [ECF No. 279.]

On September 22, 2015, Ms. Willis filed a motion to vacate the state court judgment on which the Van Wyck lien is based. [ECF No. 283.] The Court denied the motion. [ECF No. 305.]

On February 2, 2016, Ms. Willis filed a notice of appeal of the Court's order denying her motion to vacate the Van Wyck lien. Not. of Appeal [ECF No. 306]. Her appeal is still pending. See Karen Willis, et al. v. Victor Willis, No. 16-55170 (9th Cir. Feb. 3, 2016).

B.   Ex Parte Motion

On November 15, 2016, Ms. Willis filed the instant Ex Parte Motion seeking an indicative ruling under Federal Rule of Civil Procedure 62.1. She contends that a document potentially relevant to this litigation was produced in March 2016 in connection with her husband's "current French lawsuit" against Scorpio and Belolo (whom she collectively refers to as the "Belolo Parties"). P. & A. in Supp. Ex Parte Mot. Indic. Rul'g at 2:3-8 [ECF No. 309]. She refers to the document as the "Morali Summons." See, e.g., Decl. Karen Willis, ¶¶ 9, 10 [ECF No. 309-5]. Although it is difficult to determine with certainty what the Morali Summons is, since Ms. Willis provides no admissible evidence on that point,[2] in her moving papers she indicates it was the complaint in a French lawsuit filed in 1991 by Morali against the Belolo Parties. Id. ¶ 8. A review of the English translation[3] of the document shows it sets forth a number of allegations, apparently on behalf of

---

[2] Ms. Willis attached an English translation of the Morali Summons as an exhibit to her declaration in support of the Ex Parte Motion. See Karen Willis Decl. Ex. 4. Although her declaration refers to the Morali Summons as a complaint, see id. ¶ 8, she does not otherwise attempt to establish that the document is authentic, nor is there any indication she has expertise in French legal proceedings that would provide foundation for her declaration testimony about the document.

[3] Due to an apparent uploading error, a copy of the original French version of the Morali Summons was not attached to Intervenor's motion, but was attached to her reply brief. See Intervenor's Reply, Ex. 3 [ECF No. 312].

1  Morali, in support of recovering his "author's rights" in various musical works from
2  Scorpio and Belolo.  See id.  Among the allegations, Morali appears to contend
3  that Victor Willis was one of the principal authors of an extensive list of songs
4  encompassing most of the Disputed Works.  Id., Ex. 4 at 8-10.

5  Ms. Willis asserts that the Morali Summons should have been produced in
6  response to a discovery request served on Plaintiffs and Counter-Defendants
7  seeking "[c]opies of all transcripts of deposition or trial testimony of Willis, Belolo
8  or Jacque Morali relating or referring to the creation or authorship of the Disputed
9  Works."  Id., Ex. 1.  She also claims Belolo was less than forthcoming in testifying
10 at his deposition in this case, because although he admitted that "in 1991 I had
11 two lawsuits coming to Paris," in providing details of that litigation, he apparently
12 focused on only one of the lawsuits, and did not provide a description of the suit
13 reflected in the Morali Summons.  Id. Ex. 2 at 131:25-133:25.

14 Ms. Willis argues that had the Morali Summons been produced in response
15 to discovery requests, Willis would have introduced it into evidence at trial, and
16 had he done so, he "likely would have achieved even greater success at trial."  P.
17 & A. ISO Ex Parte Mot. at 6:22-7:2.  She argues that the failure of the Belolo
18 Parties to produce the Morali Summons, and Belolo's failure during his
19 deposition to offer information about the suit reflected in the Morali Summons,
20 constitutes fraud on the court within the meaning of Federal Rule of Civil
21 Procedure 60(d).  She asks the Court to temporarily stay its June 12, 2015 order
22 on post-trial motions [ECF No. 244] to determine whether the Plaintiffs, Counter-
23 Defendants and their counsel have engaged in misconduct.  If the Court finds
24 such misconduct, she asks it to amend the September 15, 2015 order granting
25 Mr. Willis his attorneys' fees [ECF No. 280] in order to award him additional fees
26 based on the misconduct.[4]

---

[4] Plaintiffs/Counter-Defendants have appealed the order granting Mr. Willis's attorney's fees.  [ECF No. 282];

On November 16, 2016, Plaintiffs and Counter-Defendants filed an opposition to the Ex Parte Motion. [ECF No. 310.] They assert that Intervenor's Ex Parte motion is, in reality, a motion for relief from judgment under Rules 60(b)(2) or 60(b)(3), and that it is therefore time-barred because such motions must be filed within one year of the entry of judgment. Id., Pls.' Resp. to Ex Parte Mot. at 2:4-14. They also argue that there was no fraud on the Court, as the Morali Summons was not a transcript of deposition or trial testimony, so it was not responsive to the document request cited by Ms. Willis, and information about the lawsuit reflected in the Morali Summons was not responsive to the deposition question exerpted in her motion. Id. at 2:17-3:6. Finally, they contend that Intervenor's claim that the document would have changed the outcome of the trial is speculative, that her supporting declaration should not be considered because it contains inadmissible hearsay and double hearsay, and that the Ex Parte Motion exceeds the scope of her intervention. Id. at 3:9-4:5.

On November 17, 2016, Ms. Willis filed a reply brief in support of her Ex Parte Motion. [ECF No. 312]. In her reply, Ms. Willis argues, without supporting evidence, that the Morali Summons is "trial testimony in a French proceeding," such that it was responsive to the document request seeking transcripts of trial testimony. Intervenor's Reply re Ex Parte Mot. at 2. She also asserts, for the first time, that the document was responsive to a "broader request for documents," although she does not provide a copy of that request for the Court or otherwise identify the "broader request." Id.

Also on November 17th, Defendant/ Counterclaim Plaintiff Victor Willis filed a notice of joinder to the Ex Parte Motion; the joinder provides no additional supporting evidence or argument. [ECF No. 311.]

//

---

see Scorpio Music S.A., et al v. Victor Willis, No. 15-6462 (9th Cir. Sept. 23, 2016).

## II.
## DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 62.1(a) states as follows:

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).  Pursuant to Rule 62.1, a district court is authorized to consider the merits of a Rule 60 motion for relief from judgment or order with regard to a case that is pending appeal before the Ninth Circuit.  NewGen, LLC v. Safe Cig, LLC, 830 F.3d 606, n.1 (9th Cir. 2016); Bichindaritz v. University of Washington, 550 Fed. Appx. 412, 413 n. 1 (9th Cir. 2013) (mem.).

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party … from a final judgment, order, or proceeding" on a variety of grounds, including "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "(3) fraud… misrepresentation, or misconduct by an opposing party".  See Fed. R. Civ. P. 60(b).  Motions under Rule 60(b)(2) and (3) must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Judgment was entered in this case on March 27, 2015. The orders that Intervenor seeks to stay or reopen were entered more than a year before the filing of the Ex Parte Motion, on June 12, 2015 (order on post-trial motions) and September 15, 2015 (order granting attorneys' fees).  Thus, a

1 motion pursuant to Rule 60(b)(2) or (3) would be time-barred.

2      Intervenor seeks relief under Rule 60(d)(3). <u>See</u> Ex Parte Mot. at 8:3-9.
3 Pursuant to Rule 60(d)(3), a party may make a motion to set aside a judgment
4 based on "fraud on the court." <u>See</u> Fed. R. Civ. P. 60(d)(3). Such motions are
5 not subject to the one-year deadline. Fed. R. Civ. P. 60(c). Therefore, the Ex
6 Parte Motion is not untimely. <u>See</u> Fed. R. Civ. P. 62.1(a) (requiring "timely"
7 motion).

8      However, "[b]ecause the power to vacate for fraud on the court 'is so great,
9 and so free from procedural limitations,'" the Ninth Circuit has held that "not all
10 fraud is fraud on the court" for purposes of Rule 60(d)(3). <u>United States v. Estate
11 of Stonehill</u>, 660 F.3d 415, 444 (9th Cir. 2011). "'[T]he inquiry as to whether a
12 judgment should be set aside for fraud upon the court […] focuses not so much
13 in terms of whether the alleged fraud prejudiced the opposing party but more in
14 terms of whether the alleged fraud harms the integrity of the judicial process....'"
15 <u>Id.</u> (quoting <u>In re Intermagnetics America, Inc.</u>, 926 F.2d 912, 917 (9th Cir.1991)).
16 "Mere nondisclosure of evidence is typically not enough to constitute fraud on the
17 court, and 'perjury by a party or witness, by itself, is not normally fraud on the
18 court.'" <u>Id.</u> (quoting <u>In re Levander</u>, 180 F.3d 1114, 1119 (9th Cir.1999)). Thus,
19 in order to show fraud on the court, the moving party "must demonstrate, by clear
20 and convincing evidence, an effort by [the opposing party] to prevent the judicial
21 process from functioning in the usual manner." <u>Id.</u> at 445. The moving party
22 furthermore "must show more than perjury or nondisclosure of evidence, unless
23 that perjury or nondisclosure was so fundamental that it undermined the workings
24 of the adversary process itself." <u>Id.</u>

25 B. <u>Analysis</u>

26   1. <u>Objections to Evidence</u>

27      Plaintiffs/ Counter-Defendants object that Ms. Willis's declaration in support
28 of the Ex Parte Motion contains hearsay and double hearsay. Paragraphs 3

through 5 of the declaration contain Ms. Willis's recitation of hearsay statements of Victor Willis; paragraphs 6 and 7 discuss the contents of documents that are not before the Court; and in paragraphs 8 and 9, she recounts hearsay statements of "French lawyers." See Decl. Karen Willis ¶¶ 3-5, 8-9. The objection is sustained as to the foregoing statements. Fed. R. Evid. 802. To the extent paragraphs 6 and 7 also set forth Belolo's out-of-court statements, they are non-hearsay statements of a party opponent pursuant to Federal Rule of Evidence 801(d)(2), so the objection is overruled as to those statements.

2. Analysis of Ex Parte Motion

Turning to the Ex Parte Motion, at the outset, it exceeds the scope of the Court's order granting Ms. Willis leave to intervene. The Court granted Ms. Willis's motion to intervene in order to file an opposition to Van Wyck's Motion to Enforce Judgment Lien and "raise any other arguments she may have regarding why Van Wyck's lien should not be enforced." Order Granting Mot. to Interv. at 3. She now seeks in the Ex Parte Motion to challenge other aspects of this litigation, including the Court's post-trial orders, and the order awarding Mr. Willis his attorneys' fees. These issues exceed the scope of her intervention in this action. See id.; see Arizona v. California, 460 U.S. 605, 615 (1983) ("permission to intervene does not carry with it the right to relitigate matters already determined in the case, unless those matters would otherwise be subject to reconsideration").

However, Mr. Willis has joined in the Ex Parte Motion, so Ms. Willis is not the only moving party. The Court will therefore address it on the merits. Its essential argument is that Plaintiffs and Counter-Defendants' failure to produce the Morali Summons during discovery, and Belolo's failure during his deposition to offer information regarding the lawsuit reflected in the Morali Summons, were intentional discovery violations that prevented the introduction of the omitted evidence at trial, resulting in a worse trial outcome than Mr. Willis otherwise

would have obtained.

The Court agrees with Plaintiffs and Counter-Defendants that Ms. Willis has failed to prove the premise of her motion, which is that Plaintiffs and Counter-Defendants violated their discovery obligations in the course of this litigation. First, she has not established that the Morali Summons was responsive to a discovery request. The discovery request she cites, Request No. 22 of Defendant Victor Willis's First Request for Production of Documents, sought "Copies of all transcripts of deposition or trial testimony of Willis, Belolo, or Jacques Morali relating or referring to the creation of authorship of the Disputed Works." Decl. Karen Willis, Ex. 1 [ECF No. 309-3]. The Court has no basis for concluding that the Morali Summons was responsive to this request, as Ms. Willis has failed to submit admissible evidence establishing what, exactly, the Morali Summons is. Although her declaration refers to the Morali Summons as a complaint, see id. ¶ 8, she does not otherwise attempt to establish that the document is authentic, nor is there any indication she has expertise in French legal proceedings that would provide foundation for her declaration testimony about the document. See Fed. R. Evid. 602 (witness must have foundation in personal knowledge), 901(a) (proponent of evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is"), 901(b)(1) (document may be authenticated by witness with knowledge). In her reply brief, she argues for the first time that the "Morali Summons is trial testimony" because "in France, there are no trials" and "court proceedings are all done through written summons and motions." Intervenor's Reply at 2:10-14. This self-serving contention is made without any supporting evidence. If Ms. Willis has a basis for demonstrating that the Morali Summons is actually the French equivalent of a transcript of deposition or trial testimony, such that it would be responsive to Request for Documents No. 22, she has not provided it to the Court.

With regard to the argument Ms. Willis first raises in her reply brief, that the Morali Summons was responsive to a broader discovery request, she fails to identify the request or provide a copy of it to the Court. Her unsupported argument is not persuasive. Thus, Ms. Willis has not established that the Morali Summons was responsive to a discovery request served on Plaintiffs/Counter-Defendants.

Second, Ms. Willis has not established that the asserted failure of Belolo to offer testimony regarding the second French lawsuit reflected in the Morali Summons amounted to perjury or a nondisclosure of evidence. In an excerpted portion of the Belolo deposition, he was asked the following question: "What do you recall telling Mr. Hurtt?" Decl. Karen Willis, Ex. 2, Belolo Dep. at 131:25-132:1 [ECF No. 309-4]. In response, Belolo launched into a lengthy answer, starting with the sentence "I called him because in 1991 I had two lawsuits coming to Paris." Id. at 132:2-3. He went on to describe a lawsuit filed by Morali challenging his creation of a medley, "Megamix of the Village People," a suit Victor Willis apparently joined. Id. at 132:6-7. Ms. Willis's quarrel appears to be that Belolo's answer focused on the Megamix lawsuit, and failed to discuss the second lawsuit reflected in the Morali Summons. However, she has provided an incomplete excerpt of the response she challenges (see id. at 133:25), so the Court cannot determine whether her contention is true. But even assuming she is correct, she does not say how such information would have been responsive to the question at hand. At most, it appears Belolo may have been less than forthcoming in failing to provide information about the second French lawsuit. However, as a deposition witness, he was under no duty to volunteer such information in the absence of a question calling for it. Fed. R. Civ. P. 37(a)(3)(B)(i), (a)(4).

Third, the other facts provided by Intervenor do not support granting relief. While she appears to complain about Belolo's failure to tell her about the lawsuit

1  reflected in the Morali Summons outside the context of this litigation (see Willis
2  Decl. ¶¶ 4-7), she provides no evidence that Belolo was asked to provide such
3  information during the course of the instant action.  Belolo's extra-judicial conduct
4  cannot, on its own, support a finding of fraud on the Court.

5      On this record, the Court cannot conclude there was a nondisclosure of
6  evidence by Plaintiffs/ Counter-Defendants in the course of this litigation, much
7  less a nondisclosure that "undermined the workings of the adversary process."
8  sufficient to support a finding of fraud on the Court.  Estate of Stonehill, 660 F.3d
9  at 444.  Nondisclosure of evidence is merely the starting point for demonstrating
10 a right to relief under Rule 60(d)(3).  Since Ms. Willis has not established this
11 essential issue, the Court need not address the merits of her remaining
12 contentions, namely that the alleged nondisclosure was intentional, and that it
13 affected the outcome of the trial.

14     The Court does not find that Intervenor's Ex Parte Motion raises a
15 substantial issue that would support issuance of an indicative ruling.  See Fed. R.
16 Civ. P. 62.1(a)(3).  Accordingly, the Ex Parte Motion will be denied.

### III.
### CONCLUSION AND ORDER

19     For the foregoing reasons, the Ex Parte Motion is DENIED.
20 IT IS SO ORDERED:
21 Dated:  December 27, 2016

*[signature]*
Barry Ted Moskowitz, Chief Judge
United States District Court